NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2015[*]
Decided June 15, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-1272

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 CR 896 |
| NORVELL MOORE, | |
| *Defendant-Appellant.* | Charles P. Kocoras, *Judge.* |

## O R D E R

In 2012, a jury convicted defendant-appellant Norvell Moore of using or carrying a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A), and of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). Because the jury was

---

[*]Pursuant to Seventh Circuit Internal Operating Procedure 6(b), this appeal has been submitted to the same panel of judges that decided Moore's prior appeal. *See United States v. Moore*, 763 F.3d 900 (7th Cir. 2014) (Appeal No. 13-2905). After examining the briefs and the record, we have unanimously concluded that oral argument is unnecessary to the resolution of the instant appeal. The appeal is therefore submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

unable to reach a verdict on whether Moore had taken a motor vehicle by force or intimidation with the intent to cause death or serious bodily harm (carjacking), *see* 18 U.S.C. § 2119, the district court declared a mistrial on that count, R. 106, and, at the government's request, the court dismissed that charge without prejudice, R. 111; R. 207 at 4, Moore was sentenced to consecutive prison terms of 120 months on each of the two charges on which he was convicted.

Moore appealed, and although we affirmed his conviction on the felon-in-possession charge (Count Three of the indictment), we vacated his conviction on the section 924(c)(1)(A) use-or-carrying charge (Count Two) and remanded for a new trial on that count. *United States v. Moore*, 763 F.3d 900 (7th Cir. 2014). We shall assume the reader's familiarity with that decision and confine ourselves to a brief recapitulation. In the midst of jury deliberations, and before the jury had given any signal that it was irreconcilably divided as to any of the charges, the district court had solicited a partial verdict from the jury, which produced the guilty verdicts on Counts Two and Three. The jury had thereafter continued its deliberations as to Count One, but was ultimately unable to reach a verdict, resulting in the declaration of a mistrial as to that count. Because Moore's commission of the carjacking charged in Count One (a crime of violence) was a predicate to his conviction of the Count Two charge that he used or carried a firearm during and in relation to a violent crime, we were concerned that the court's solicitation of a partial verdict may have prematurely locked the jurors into a finding of guilt on Count Two without them realizing that their ongoing division as to Count One called into question their unanimity as to Count Two as well. *See* 763 F.3d at 912-13. It was for that reason we concluded that Moore was entitled to a new trial on Count Two and that the district court had abused its discretion in concluding otherwise. *Id.* at 913-14.

When the case returned to the district court, a grand jury returned a superseding indictment against Moore which revived the Count One carjacking charge that had been dismissed without prejudice following the mistrial and which made a minor, non-substantive revision to the Count Two use-or-carrying charge. Moore moved to dismiss both counts of the superseding indictment and to bar his re-trial on double jeopardy grounds. *See* U.S. CONST. AMEND. V, CL. 2. As to Count One, he contended that the declaration of a mistrial on this count was not occasioned by manifest necessity. *See Arizona v. Washington*, 434 U.S. 497, 505, 98 S. Ct. 824, 830 (1978) (given importance of defendant's right not to be twice placed in jeopardy for the same offense, prosecution must show that manifest necessity warranted declaration of mistrial over defendant's

objection); *see also Sattazahn v. Pennsylvania*, 537 U.S. 101, 121, 123 S. Ct. 732, 744 (2003); *Williams v. Bartow*, 481 F.3d 492, 499-500 (7th Cir. 2007). Rather, in Moore's view, the government had engaged in "strategic gamesmanship" by securing the mistrial and dismissal of this charge without prejudice only after the jury had already returned guilty verdicts on Counts Two and Three and the government was satisfied that those convictions would support a lengthy sentence. R. 198 at 8. As to Count Two, Moore argued that because he had already been convicted once on this charge, prosecuting him a second time was inconsistent with the Double Jeopardy Clause (*see, e.g.*, *Dye v. Frank*, 355 F.3d 1102, 1103 (7th Cir. 2004) (noting that the clause protects a defendant from, *inter alia*, a second prosecution for the same offense after conviction)), notwithstanding the fact that we had vacated his conviction on Count Two in the prior appeal.

Judge Kocoras, to whom the case was reassigned on remand, denied Moore's motion. He found that the declaration of a mistrial on Count One "was the product of the judge's decision," rather than the encouragement or insistence of the government. R. 204 at 5. The judge's decision in turn was based on the fact that the jury was unable to reach a verdict on Count One; consequently, the decision to declare a mistrial amounted to a "declaration of manifest necessity." R. 204 at 7. And there was no basis to conclude that the government's evidence was insufficient to support Moore's conviction on Count One, and that his re-trial should be barred on that basis. As to Count Two, Moore's conviction in the first trial did not preclude a second trial on the same charge, in view of the fact that this court had vacated his conviction on that count based on procedural error.

The new trial was originally scheduled to commence on May 11 of this year, but after Moore appealed the court's double jeopardy ruling, the court set aside that trial date and it appears that the trial has been put off indefinitely pending the resolution of this appeal.

On appeal, Moore has essentially reasserted, with some elaboration, the double jeopardy arguments he made below. He contends that his re-trial on Count One is barred because it was the product of a strategic choice by the government rather than manifest necessity. Moore posits that once the jury rendered a partial verdict on Counts Two and Three alone, the government realized that its case as to Count One was in trouble; the government therefore pushed the court to cut off further deliberations, accept the verdicts on Counts Two and Three, declare a mistrial on Count One, and then

dismiss that count without prejudice. That course of action locked in the guilty verdicts on Counts Two and Three and supplied the foundation for a lengthy sentence, which Moore identifies as the government's preeminent goal. At the same time, this path eliminated the prospect of the jury acquitting Moore on Count One and preserved the opportunity to re-try Moore on that charge depending on the outcome of this appeal. Moore also insists that his re-trial on Count Two is barred, notwithstanding our decision to vacate his conviction on that count based on the procedural error committed by the original judge when he invited the jury to return a partial verdict. Moore suggests that the reason that the jury was unable to reach a verdict as to Count One at the first trial was that the government had failed to present sufficient proof of his guilt on that charge. And given that Moore's guilt on the Count One carjacking charge was a predicate to his guilt on the Count Two use-or-carrying charge, as this court recognized in the previous appeal, 763 F.3d at 908-09, if the evidence was insufficient as to Count One, as Moore suggests it was, it was insufficient as to Count Two as well. That insufficiency, Moore argues, ought to preclude a second trial on Count Two.

There is no bar to Moore's re-trial on the Count One carjacking charge. The parties agree that a second trial on Count One is permissible under the Double Jeopardy Clause so long as the district court declared a mistrial on that count at the first trial based on manifest necessity, which a jury deadlock would exemplify. As the Supreme Court has explained, re-trying a defendant after a first trial ends in a mistrial does not place the defendant in jeopardy for a second time; rather, the second trial is properly understood as the continuation of the original jeopardy arising from the first trial. *See Yeager v. United States*, 557 U.S. 110, 118, 129 S. Ct. 2360, 2366 (2009); *Richardson v. United States*, 468 U.S. 317, 325, 104 S. Ct. 3081, 3086 (1984). And "a jury's inability to reach a decision is the kind of 'manifest necessity' that permits the declaration of a mistrial and the continuation of the initial jeopardy that commences when the jury was first impaneled." *Yeager*, 557 U.S. at 118, 129 S. Ct. at 2366.

A deadlocked jury is precisely the reason why the district court in this case declared a mistrial on Count One, as Judge Kocoras recognized. There is absolutely no evidence to support Moore's theory that the government urged the court to accept the partial verdict on Counts Two and Three and forestall a potential acquittal on Count One by terminating the jury's ongoing deliberations on that count, declaring a mistrial, and leaving the door open to a re-trial on that count in case the verdicts on Counts Two and Three did not survive Moore's appeal. In fact, the government was the first to object to the court's plan to solicit a partial verdict from the jury, R. 167 at 57, 61; and

when the partial verdict was returned, and the inconsistency between the conviction on Count Two and the lack of a verdict on the predicate in Count One was noted, it was the government that urged the court to return Counts Two and Three to the jury for further deliberation along with Count One, R. 168 at 5-6. The district court flatly rejected the government's proposal, R. 168 at 6, but it did have deliberations on Count One continue until such time as the jury professed that it was irreconcilably divided and unable to render a verdict on that count. *See* R. 108; R. 168 at 21, 22-23. Only at that point did the court declare a mistrial. The court not only did so on its own motion, but without objection by the defendant. *See* R. 168 at 22, 23, 25, 28; *see also* R. 106. That decision was one assigned to the trial court's broad discretion, *Renico v. Lett*, 559 U.S. 766, 774, 130 S. Ct. 1855, 1863 (2010), and we have no reason to second-guess it: a deadlocked jury is the "classic" example of manifest necessity for a mistrial. *Ibid*; *Sattazahn v. Pennsylvania, supra*, 537 U.S. at 121, 123 S. Ct. at 744-45; *Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S. Ct. 2083, 2087 (1982); *Arizona v. Washington, supra*, 434 U.S. at 509 & n.26, 98 S. Ct. at 832 & n. 26 (citing *Downum v. United States*, 372 U.S. 734, 735-36, 83 S. Ct. 1033, 1034 (1963)).[1] Finally, there was no impropriety in the court's subsequent decision to dismiss Count One without prejudice on the government's motion; we have previously endorsed such a dismissal as a means of facilitating the appeal of the charges on which a defendant has been convicted. *See United States v. Kaufmann*, 985 F.2d 884, 890-91 (7th Cir. 1993).

Nor is a re-trial of Moore on Count Two barred. Our decision to vacate Moore's conviction on that count was based wholly on the district court's procedural mistake in intruding upon jury deliberations and soliciting a partial verdict before the jury itself gave any indication that it was deadlocked. 763 F.3d at 913-14. Vacating a conviction based on trial error typically leaves the door open to re-trial. *See Burks v. United States*, 437 U.S. 1, 15, 98 S. Ct. 2141, 2149 (1978) (distinguishing reversals for trial errors from reversals for evidentiary insufficiency: "When [procedural trial error] occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error; just as society maintains a valid concern for insuring that the guilty are punished."); *see also United States v. DiFrancesco*, 449 U.S. 117, 131, 101 S. Ct. 426, 434

---

[1] The fact that the court did not use the words "manifest necessity" when declaring a mistrial is immaterial, as the record reveals no doubt that the jury's deadlock was the reason for the court's decision. *See Washington*, 434 U.S. at 516-17, 98 S. Ct. at 836; *see also United States v. Warren*, 593 F.3d 540, 545 (7th Cir. 2010).

(1980); *United States v. Loniello*, 610 F.3d 488, 494 (7th Cir. 2010); *United States v. Doyle*, 121 F.3d 1078, 1083 (7th Cir. 1997). Moore himself had sought a new trial on Count Two (as well as Count One) in the district court, and it was our conclusion, in light of the court's procedural error, that his motion was well-taken. It is true that the interrelationship between Counts One and Two played a significant role in our rationale in vacating Moore's conviction on Count Two. *See* 763 F.3d at 908-09, 910, 912, 913. But at no time did we suggest that the evidence underlying either count was insufficient, and our decision to vacate the conviction on Count Two was not based on any doubt about the sufficiency of the evidence on that count.

The district court thus correctly denied Moore's motion to dismiss the superseding indictment and to bar re-trial. The Double Jeopardy Clause poses no obstacle to Moore's re-trial on Counts One and Two of the superseding indictment.

AFFIRMED