In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2339

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TRAVIS COLE MAXFIELD,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 14-CR-30197-2 — **Nancy J. Rosenstengel**, *Judge.*

ARGUED JANUARY 27, 2016 — DECIDED FEBRUARY 11, 2016

Before POSNER, KANNE, and HAMILTON, *Circuit Judges*.

PER CURIAM. Travis Maxfield challenges the 188-month prison sentence imposed on him for his convictions related to his manufacture and distribution of methamphetamine. He contends that the sentencing court erred by denying his request for a downward departure based on his argument that one of the felonies used to designate him a career offender, though technically a crime of violence, was not in fact violent. But the district court considered Maxfield's ar-

gument both as a request to depart downward and within the discussion of the sentencing factors in 18 U.S.C. § 3553(a). Thus, we affirm the sentence.

## I. BACKGROUND

Maxfield manufactured methamphetamine for personal use and sale, using boxes of over-the-counter cold and allergy medication containing pseudoephedrine that he bought or paid others to buy for him. He was searched by law enforcement agents who discovered more than 100 pseudoephedrine pills and about half a gram of methamphetamine; their search of his motel room revealed other items used to make methamphetamine, and he admitted manufacturing methamphetamine. Maxfield was released and warned to discontinue his illegal activities. One week later, Maxfield sold half a gram of methamphetamine to a confidential informant.

Maxfield was indicted for one count of conspiring to manufacture and distribute methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1), one count of manufacturing methamphetamine, § 841(a)(1), one count of distributing methamphetamine, § 841(a)(1), and two counts of possessing a listed chemical knowing it would be used to manufacture a controlled substance, § 841(c)(2). Maxfield pled guilty to the charges without a plea agreement.

A probation officer filed a presentence investigation report concluding that Maxfield was responsible for 144 grams of methamphetamine. Because Maxfield had two prior felony convictions for crimes of violence—residential burglary and aggravated battery—he was a career offender with an offense level of 34. *See* U.S.S.G. §§ 4B1.1, 4B1.2(a)(2) . After a

three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, Maxfield's total offense level was 31. The probation officer calculated Maxfield's criminal history score at 22, establishing a criminal history category of VI and noted too that as a career offender Maxfield's criminal history would have been VI regardless. *See* U.S.S.G. § 4B1.1(b). This yielded a guidelines range of 188 to 235 months' imprisonment.

Maxfield filed a written objection to his designation as a career offender. Maxfield conceded that the residential burglary, *see* 720 ILCS 5/19-3(a), qualified as a crime of violence based on the statutory elements of the crime. *See Dawkins v. United States*, 809 F.3d 953, 954–55 (7th Cir. 2016); *United States v. Hoults*, 240 F.3d 647, 651 (7th Cir. 2001); *United States v. Coleman*, 38 F.3d 856, 859 (7th Cir. 1994). But he asked the court to consider the facts of his offense and whether the career-offender provision resulted in an unnecessarily high offense level. Maxfield alleged that he entered the residence with a key and therefore, as a factual matter, his was a nonviolent burglary. Had he not been a career offender, Maxfield's offense level would have been 21, and the resultant guideline range would have been 100 to 125 months' imprisonment.

Maxfield also filed a sentencing memorandum and a motion for a downward departure. He again conceded that he technically qualified as a career offender and repeated his request that the court consider the circumstances of his residential burglary. He also emphasized mitigating factors— long-term drug addiction, childhood abuse, family deaths— and asked the court to impose a sentence around 100 to

125 months. Maxfield repeated his argument at the sentencing hearing.

The district court agreed with the probation officer that the residential burglary qualified as a predicate felony under the career-offender guideline. The court recognized that Maxfield "wants to make the argument, I think, more as support for a motion for a downward departure or as related to 3553(a) factors."

The court then denied the motion for a downward departure, reasoning that there were no grounds for a departure under the guidelines and Maxfield's argument was more appropriately considered under § 3553. The court considered Maxfield's argument in this light and found that it did not support a below-guideline sentence. The district court instead concluded that a sentence at the low end of the guidelines was appropriate and sentenced Maxfield to 188 months' imprisonment, followed by a term of 4 years' supervised release.

At the end of the hearing, the district court asked Maxfield and his counsel if all of their arguments had been adequately addressed. They responded that they had.

## II. ANALYSIS

Maxfield argues that the district court erred in denying his request for a downward departure based on the facts surrounding his conviction for residential burglary. He argues that the district court did not consider varying downward and failed to adequately address whether an element of force or violence pertaining to his 2007 residential burglary conviction was reasonably present or not. He concludes therefore that the denial of his motion for a downward de-

parture was unreasonable. Maxfield's argument fails for several reasons.

First, downward variances or departures are obsolete after *United States v. Booker*, 543 U.S. 220, 233–34, 245 (2005). Courts now use aggravating and mitigating factors that, in applying the factors in 18 U.S.C. § 3553(a), may lead to a sentence below or above the guidelines range. *See United States v. Brown*, 732 F.3d 781, 786 (7th Cir. 2013); *United States v. Lucas*, 670 F.3d 784, 791 (7th Cir. 2012). District courts can be guided by the departure provisions and apply them by way of analogy when assessing the § 3553(a) factors. *Brown*, 732 F.3d at 786; *Lucas*, 670 F.3d at 791. Therefore, Maxfield is really arguing that the district court failed to address adequately his argument in mitigation. *See United States v. Garcia-Segura*, 717 F.3d 566, 568 (7th Cir. 2013); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

Second, Maxfield is incorrect that the court failed to consider his argument. The district court explicitly considered his request for a downward departure but found no basis for a downward departure under the guidelines. For the first time on appeal, Maxfield points to a policy statement in § 4A1.3(b)(1), but § 4A1.3(b)(1) allows a downward departure if the defendant's *criminal history category* is substantially overrepresented. Maxfield questions only the reasonableness of the 10 point increase in his *offense level*; he does not argue that his criminal history category is overrepresented. Nor could he, because, as the district court recognized, his criminal history category was VI with or without the career-offender status.

The district court also explicitly and appropriately considered Maxfield's argument about the facts of his residen-

tial burglary conviction as one in mitigation under § 3553. The district court thought it was a good argument but decided it "goes toward a low-end guideline sentence." This was after the district court determined there were many factors that support a high-end guideline sentence. A within-guidelines sentence is presumptively reasonable, and Maxfield does not show that the court's reasoning is inconsistent with the § 3553(a) factors or otherwise rebut that presumption. *See Rita v. United States*, 551 U.S. 338, 347 (2007). The district court weighed the § 3553(a) factors, including Maxfield's family circumstances, his drug abuse, his criminal history, and the need for general and specific deterrence, in addition to the factual circumstances of Maxfield's previous conviction.

Finally, when the court asked counsel if any argument in mitigation had been overlooked, counsel said no. Having passed up the chance for elaboration, Maxfield waived the argument, and he cannot argue now that the court's explanation was inadequate. *See United States v. Modjewski*, 783 F.3d 645, 654–55 (7th Cir. 2015); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014).

### III. CONCLUSION

Accordingly, the sentence is affirmed.