ROVNER, Circuit Judge.
Norvell Moore is before us for the third time, challenging the sentence he received following a retrial on two of the three offenses with which he was charged in connection with a 2010 carjacking. He was acquitted of both of those offenses, and then re-sentenced on a felon-in-possession conviction (see 18 U.S.C. § 922(g)(1)) that we affirmed in a prior appeal. See United States v. Moore, 763 F.3d 900, 914 (7th Cir. 2014) (“Moore /”). Unhappily for Moore, the district judge imposed the same sentence — 240 months — that he had been given after the first trial, when he was convicted of both the felon-in-possession charge and a second weapons charge. Moore contends that the sentence is flawed for two reasons. First, he argues that because he was originally sentenced to a term of 120 months on the felon-in-possession conviction (to be served consecutively with an identical term on the companion firearm conviction), the district judge was obliged to impose the same term on that charge when he was re-sentenced. Second, although it is now clear that, as an armed career criminal, he was and is subject to a minimum term of 180 months on the felon-in-possession charge, the government waived any reliance on that enhanced minimum term by not pursuing it when he was originally sentenced. Beyond these two arguments, Moore pursues no challenge to the substantive rea *669 sonableness of the sentence imposed. We find neither of the arguments he does make to be meritorious and affirm the sentence.
I.
In 2010, Norvell Moore stole a BMW sedan from its driver after showing her that he was armed with a gun. He was captured by Chicago police after a high-speed chase during'which he crashed the BMW into another vehicle. A federal grand jury charged him with carjacking, in violation of 18 U.S.C. § 2119; using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm following a felony conviction, in violation of section 922(g)(1).
Moore was first tried on these charges in 2013 before Judge Grady, but the jury was unable to reach a verdict on the carjacking charge. When jurors, at the conclusion of their first day of deliberations, informed the judge that they were not making progress and asked to be released for the day, Judge Grady asked them whether they had reached agreement as to any of the charges. When they responded that they had, the judge solicited a partial verdict and the jury returned verdicts of guilt on both the using-or-carrying charge and the felon-in-possession charge. Deliberations thereafter continued on the carjacking charge, but the jury was never able to achieve unanimity and the court ultimately declared a mistrial on that ’charge and, on the government’s motion, dismissed it without prejudice.
When he sentenced Moore on the using- and-carrying and felon-in-possession charges, Judge Grady concluded that a total sentence of 240 months was a reasonable sentence. The advisory range under the Sentencing Guidelines was 360 months, to life. Judge Grady thought that a sentence of 360 months was excessive. Nonetheless, he believed a substantial sentence was warranted in light of Moore’s criminal-history. Moore had three prior convictions for robbery, among other offenses. In 2002, Moore and an accomplice had forced their way into a Burger King restaurant, where they assaulted an employee (who sustained injuries requiring medical attention) and compelled him to open a safe; the two made off with $5,000. R. 123 at 9 ¶ 41. In 2004, Moore and two other individuals had robbed two female victims at gunpoint. R. 123 at 10 ¶ 43. And in 2007, Moore had pushed a female victim against a fence and snatched her purse. He subsequently resisted arrest and twice struck an arresting officer in the face. A handgun was recovered from his vehicle. R. 123 at 10 ¶ 44. Compounding the gravity of Moore’s criminal history was the fact that despite the prison terms (ranging from three to eight years) to which he was sentenced for these crimes, he had continued to re-offend; indeed, Moore had committed the car theft at issue in this case shortly after being paroled on the last of these prior robbery convictions and while still wearing an electronic monitoring bracelet on his anHe. “This isn’t really a matter of punishment,” Judge Grady observed. R. 156 at 38. “It’s a matter of protecting the public from this defendant, who is a person who simply does not respect the law.” R. 156 at 38. After hearing from the victim and Moore’s sister and weighing the sentencing factors set forth in 18 U.S.C. § 3553, the judge concluded that a below-Guidelines sentence of 20 years, or 240 months, was sufficiently lengthy “to promote the objectives of specific and general deterrence and avoidance of inappropriate and unjustified sentencing disparities.” R. 156 at 66. “Twenty years is a long time. It will give the defendant a long time to think about *670 his attitude toward the rights of others .... ” R. 156 at 66.
When asked by the probation officer how the 240-month sentence should be allocated between the two convictions, Judge Grady ordered Moore to serve consecutive terms of 120 months on each. We should point out here that the parties and the court were laboring under the mistaken assumption that the statutory range of possible punishments on the felon-in-possession conviction was zero to 120 months. See R. 123 at 17 ¶ 82; R. 156 at 67-68. In fact, as we discuss below, Moore’s criminal history of multiple convictions for armed robbery triggered an increase in the statutory sentencing range on that conviction: Moore was subject to a statutory minimum term of 180 months (15 years) and a maximum term of life. See 18 U.S.C. § 924(e)(1). The increased range remained overlooked until Moore was re-sentenced following a second trial on the carjacking and using-and-carrying charges.
The re-trial was the result of a remand we ordered in Moore’s first appeal. In that 2014 decision, we affirmed Moore’s conviction on the felon-in-possession charge but vacated his conviction on the using-or carrying charge. Moore I, 763 F.3d 900. Our decision to vacate the latter conviction was animated by a concern that the district judge had prematurely solicited a partial verdict from the jury when it had not yet declared that it was at an impasse as to the underlying crime of violence (carjacking) in relation to which Moore had allegedly used or carried a firearm. 763 F.3d at 912-14. We remanded the case to the district court for further proceedings consistent with our opinion. Id. at 914.
On remand, the case was reassigned from Judge Grady (who had retired) to Judge Koeoras, and a grand jury issued a superseding indictment re-asserting the carjacking charge (which, as we have mentioned, had been dismissed without prejudice following the jury’s inability to reach a verdict at the first trial) and the using-or-carrying charge, the conviction which we had vacated. Moore moved to dismiss the superseding indictment on double jeopardy grounds, but Judge Koeoras denied that motion, and we sustained his decision in a second appeal. United States v. Moore, 617 Fed.Appx. 562 (7th Cir. 2015) (per curiam) (non-precedential decision) (“Moore II”).
Moore was re-tried on both charges in 2015, and the jury acquitted him. Given the veil of secrecy that enshrouds jury deliberations, we cannot be sure why the jury decided to acquit Moore on these charges. What we can note is that one element of the carjacking charge was that Moore intended to cause serious bodily harm or death if the victim did not surrender the automobile to him. § 2119; see Holloway v. United States, 526 U.S. 1, 11-12, 119 S.Ct. 966, 972, 143 L.Ed.2d 1 (1999). This was a point that the defense vigorously contested. When he took the witness stand at the second trial, Moore testified that he had gone hunting for a car to steal and that he brought a loaded handgun with him in order to discourage resistance from his victim; he also conceded that he showed the gun to his victim in order to intimidate her. R. 276 at 42, 44, 53, 67, 74-75, 84. But he denied harboring any intent to kill or harm the victim in the event she did not cooperate. R. 276 at 40, 74, 86. And Moore specifically disputed the victim’s testimony that he had pointed the gun at her head and threatened to kill her if she did not get out of the BMW. R. 276 at 45, 68-69, 71, 72. He told the jury he had simply shown the victim the gun and asked her to exit the car, which she eventually did. R. 276 at 41, 42, 84. Defense counsel in turn questioned the victim’s credibility on this point and contended that the government had not proved, beyond a *671 reasonable doubt, that Moore had intended to harm the victim. R. 277 at 12-18, 23-28. And if the government had not succeeded in proving that Moore was guilty of carjacking, counsel argued, neither had it proved that Moore was guilty of using or carrying a firearm during and in relation to the offense of carjacking. R. 277 at 29. Doubt about Moore’s intent to harm the victim may explain the jury’s decision to acquit him of bqth charges.
Following the acquittals, it remained for Judge Kocoras to re-sentence Moore on the felon-in-possession conviction that we had affirmed in Moore I. For that purpose, the court directed the probation officer to prepare a supplemental presentence report (“PSR”). In connection with that PSR, the government submitted a supplemental version of the offense in which it asserted, for the first time, that Moore’s three prior robbery convictions, because they were convictions for a violent crime, rendered him subject to a minimum prison term of 15 years and a maximum term of life on the felon-in-possession charge, pursuant to the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e)(1). R. 252 at 12-13. The probation officer agreed, and the PSR reflected that Moore was subject to an enhanced statutory term of imprisonment. R. 252 at 3. As calculated by the probation officer, the advisory Sentencing Guidelines imprisonment range on the felon-in-possession conviction was 262 to 327 months. R. 252 at 3.
Moore objected to the supplemental PSR and argued that the district court was obligated to impose the same sentence on the felon-in-possession charge that Judge Grady had imposed after the first trial. As we have noted, Judge Grady had ordered Moore to serve a total prison term of 240 months, with 120 months of that total to be served (consecutively) on the felon-in-possession charge. R. 145 at 2; R. 156 at 66, 67-68. In Moore’s view, because we had affirmed his conviction on that charge in Moore I and he had now been acquitted of the other charges, there was nothing for Judge Kocoras to do but re-sentence him to the same 120-month term that Judge Grady had imposed in the first instance. He' contended that he was not subject to the 15-year minimum term specified by the ACCA because (1) his three prior robbery convictions did not qualify as “violent felonies” triggering the ACCA enhancement, because simple robbery, as defined by Illinois law, does not categorically involve the use of physical force, see Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); and (2) the government had waived any reliance on the ACCA by not raising it at his original sentencing.
Judge Kocoras rejected Moore’s position in both respects. The judge concluded that he had authority to re-sentence Moore de novo. Given that Moore’s original sentence was based on his conviction on two charges, our decision to vacate Moore’s conviction on one of those two charges unbundled that sentence and opened the door to a new sentence based on the record before the court at the time of re-sentencing. R. 273 at 12, 15. Judge Kocor-as went on to find that Moore’s three robbery convictions constituted crimes of violence and thus triggered the 15-year minimum specified by the ACCA. R. 273 at 13, 15. He was not convinced that the government had waived its argument as to the minimum, and because it was a statutory minimum term, he was not free to overlook it. R. 273 at 13-14.
After adopting the Guidelines calculations set forth in the PSR (R. 273 at 15; R. 274 at 17-18), Judge Kocoras found that a below-Guidelines sentence of 240 months— the same sentence that Judge Grady had imposed — was a reasonable sentence (R. *672 274 at 38^10). He was inclined to accept Moore’s profession of genuine remorse for his conduct in this case. R. 274 at 33, 34, 35. But like Judge Grady, Judge Kocoras was struck not only by the serious nature of Moore’s prior offenses but the failure of his prior punishments to cease his pattern of criminal conduct:
It is the conduct that he has engaged in repeatedly — not once; not twice, not three times, but now four times — and it is the conduct where we start the analysis of what is appropriate [i]n a particular case; and, as the Presentence Report points out, what he has learned with punishment.
He went from sentences of two years, to three years, to seven years, to eight years, and none of that deterred him. Not a day in jail, from what I can tell. And it is reflected] in his conduct in this case. As I remember his testimony— and, I think, fairly accurately so — he woke up that morning having in mind ... he was going to get himself a car at whatever cost it was going to take. And he saw this nice black BMW and he said, “That’s the one.”
And he brought a gun with him, to make sure he was going to do it and get away with it. And it is [for] that conduct that we are here to decide what [sentence] is appropriate, aside from the effect on the victim.
R. 274 at 33-34. The court deemed it “an imponderable question” whether Moore would have used the (loaded) gun to harm his victim had she not surrendered her car to him, but noted that he had otherwise “admitted to practically everything the jury acquitted him of.” R 274 at 36. Ultimately, the judge was convinced, in light of Mooré’s recidivism, that a serious sentence was called for. “He has got a very, very bad record. He has never ... assumed a change in his lifestyle.” R. 274 at 38. Acknowledging his obligation to “rethink” the sentence, Judge Kocoras came to the conclusion that a below-Guidelines sentence of 240 months — the same sentence Judge Grady had imposed — was severe enough to account for the gravity of Moore’s offense and criminal history. R. 274 at 38-39. The Judge emphasized that he arrived at that conclusion independently rather than by “rote” or by simply deferring to Judge Grady’s judgment. R. 274 at 39.
II.
On appeal, Moore pursues two of the arguments that he made unsuccessfully below: (1) that on remand, Judge Kocoras was bound to re-sentence him to the same 120-month sentence originally imposed on the felon-in-possession conviction; and (2) that the government waived any reliance on the 15-year minimum specified by the ACCA. Neither argument is persuasive.
Our decision in Moore I did not preclude Judge Kocoras from re-sentencing Moore de novo on the felon-in-possession conviction. In contrast to United States v. Tello, 687 F.3d 785, 798-800 (7th Cir. 2012), on which Moore relies, we did not remand the case for the limited purpose of correcting' a discrete sentencing error; rather, we remanded generally for any and all further proceedings consistent with our opinion (which included, as occurred, a second trial), and we did'so upon vacating one of the two convictions that formed the basis-for Moore’s original sentence. Although we affirmed Moore’s felon-in-possession conviction, the 120-month term imposed on that conviction by Judge Grady after the first trial was not a standalone sentence, but rather part of a sentencing package. As such, the 120-month term was to be served consecutively with the identical term imposed on the using-or-carrying charge, for a total term of 240 months. When we vacated Moore’s convic *673 tion on the using-and-carrying charge, we unbundled the sentencing package and left the door open to a new sentence on the felon-in-possession charge — in conjunction with any other charge on which Moore might have been convicted after a second trial. See United States v. Shue, 825 F.2d 1111, 1113-14 (7th Cir. 1987); see also United States v. Soy, 413 F.3d 594, 606-08 (7th Cir. 2005); United States v. Binford, 108 F.3d 723, 728-30 (7th Cir. 1997); United States v. Smith, 103 F.3d 531, 533-35 (7th Cir. 1996). In the wake of the acquittals at the second trial, Judge Kocoras was presented with a conviction record distinct from the one that had confronted Judge Grady (a conviction on one charge rather than two), but his task was the same: to determine an appropriate sentence taking into account the full extent of Moore’s underlying conduct in conjunction with his criminal history. His discretion in arriving at that sentence was not cabined by the term that Judge Grady imposed on just one of the two counts of which Moore was originally convicted.
The landscape at re-sentencing was also altered by the belated realization that Moore was subject to the 15-year minimum specified by the ACCA for the felon-in-possession charge in view of his three prior robbery convictions. Indeed, the ACCA enhancement altered not only the statutory minimum term but also the maximum term — from 10 years to life. Compare § 924(a)(2) with § 924(e)(1). So the sentence Judge Grady had imposed (mistakenly assuming it was the maximum possible term) was actually five years shy of the minimum term mandated by statute and nowhere near the maximum term. At this juncture, there is no dispute that the ACCA, by its terms, applies to Moore; he has abandoned his argument that his three prior robbery convictions do not constitute violent felonies triggering the enhanced minimum and maximum terms.
The ACCA is a statutory command, so as Judge Kocoras recognized, he was not free to disregard the 15-year minimum regardless of whether the government (and for that matter, everyone else) overlooked it at the first sentencing. For what it is worth, Moore points us to no evidence that the government intentionally ignored the ACCA when Moore was first sentenced, so we certainly can see no abuse of discretion in the determination that the government was not precluded from invoking the statute at the second sentencing. More to the point, though, we can discern no basis for holding that the court itself was precluded from complying with the ACCA at the second sentencing. See United States v. Cobia, 41 F.3d 1473, 1475-76 (11th Cir. 1995) (per curiam) (given mandatory nature of section 924(e), the increase in the minimum prison term should be applied automatically regardless of whether government has affirmatively sought that enhancement) (collecting cases); cf. United States v. Worthen, 842 F.3d 552, 554 (7th Cir. 2016) (defendant cannot waive his right to be sentenced within statutory limits); Smith, 103 F.3d at 535 (“It would be silly, we think, to say that a judge, noting an incorrect base offense level in an original sentence in a situation like this, is powerless to correct the error.”).
Based on the record presented to him, Judge Kocoras determined that a sentence of 240 months was a reasonable and appropriate sentence to impose on the felon-in-possession conviction, and we are given no cause to question the propriety of that sentence. Apart from the two challenges discussed above, Moore has not cited, nor have we independently identified, any procedural error in the sentencing: there was no apparent error in the determination of the statutory or Guidelines *674 sentencing ranges, for example; the judge did not treat the Guidelines range as binding; and the record indicates that the judge complied with his obligation to con-. sider the sentencing factors set forth in § 3553(a) and to state the reasons for his choice of sentence. See United States v. Miller, 829 F.3d 519, 527 (7th Cir. 2016), pet’n for cert. filed, No. 16-6925 (U.S. Nov. 11, 2016); United States v. Hurt, 574 F.3d 439, 442 (7th Cir. 2009). Nor, as we noted at the outset, has Moore questioned the substantive reasonableness of the sentence imposed. Our review, when presented with such a challenge, is one for abuse of discretion. E.g., Miller, 829 F.3d at 527. We presume that a within-Guidelines sentence is reasonable, see Rita v. United States, 551 U.S. 338, 347-56, 127 S.Ct. 2456, 2462-68, 168 L.Ed.2d 203 (2007); e.g., United States v. Maxfield, 812 F.3d 1127, 1130 (7th Cir. 2016) (per curiam), and the same presumption obviously extends to a below-Guidelines sentence like the one imposed here, e.g., United States v. Miller, 834 F.3d 737, 744 (7th Cir. 2016); United States v. Nania, 724 F.3d 824, 839 (7th Cir. 2013). As the appellant, Moore bears the burden of rebutting that presumption by showing that the sentence is unreasonably high in light of the section 3553(a) factors. United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005). That is a particularly onerous burden when the sentence falls below the advisory Guidelines range. See United States v. Trudeau, 812 F.3d 578, 594 (7th Cir. 2016) (“A below-guidelines sentence will almost never be unreasonable!)]”) (citing United States v. Tahzib, 513 F.3d 692, 695 (7th Cir. 2008)), cert. denied, — U.S. -, 137 S.Ct. 566, 196 L.Ed.2d 444 (2016); United States v. George, 403 F.3d 470, 473 (7th Cir. 2005) (“It is hard to conceive of' below-range sentences that would be unreasonably high.”); Miller, 829 F.3d at 527. Apart from the noteworthy fact that Moore has not attempted to make such a showing, we note that the 240-month term was nearly two years below the low end of the Guidelines range; this was Moore’s fourth conviction arising from the use of force to take property from a victim; the theft of the BMW was apparently part of an ongoing series of auto thefts (Moore testified that he had previously stolen a truckload of Audis); and even if we credit Moore’s testimony and assume that he did no more than show the gun to the victim, by his own account he used the gun to intimidate the victim. Judge Kocoras reasonably concluded, in view of Moore’s recidivism, that a substantial sentence was warranted both to account for the serious nature of his offense and to deter Moore from committing additional crimes. Would a lesser sentence have sufficed to achieve these ends? That may be open to debate. But our role is not to second-guess the sentencing judge but rather solely to assess whether he abused his discretion in passing sentence. Judge Kocoras, like Judge Grady, is one of the most experienced district judges in our circuit. We simply cannot say that he abused his discretion in selecting the term of imprisonment that he did.
III.
Finding no error in the sentence imposed on Moore, we AFFIRM the judgment.