In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-2255

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID MOBLEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 CR 161 — **Elaine E. Bucklo**, *Judge.*

ARGUED MAY 19, 2016 — DECIDED AUGUST 15, 2016

Before WOOD, *Chief Judge,* and POSNER and ROVNER, *Circuit Judges.*

WOOD, *Chief Judge.* David Mobley says that he is trying to get one bite at the apple, while the government claims he is trying to eat the whole bushel. We are not sure either one is right—both the parties and the district court may be comparing apples and oranges. After pleading guilty, Mobley has now had two sentencing hearings. But he argues that neither one fully comported with *United States v. Thompson*, 777 F.3d

368 (7th Cir. 2015). We take this opportunity to clarify what a remand under *Thompson* requires of the district court. Because we cannot determine from the record before us whether Mobley's second sentencing hearing was procedurally sound, we vacate his sentence and remand for him to receive what we hope will be his final sentencing hearing.

**I**

In 2012 Mobley was charged with bank fraud and aggravated identity theft in violation of 18 U.S.C. §§ 1344 and 1028A(a)(1). He pleaded guilty to both in 2013. At his first sentencing hearing, the district court imposed a within-guidelines sentence of 137 months' imprisonment for the bank fraud count, and a consecutive sentence of 24 months for the aggravated identity theft count. The court also imposed a five-year term of supervised release for the bank fraud, and a one-year term of supervised release for the aggravated identity theft, to run concurrently. The court then imposed the 13 standard conditions of supervised release and ordered Mobley to comply with them with no further explanation. Mobley filed a timely notice of appeal.

Before we could hear the case on appeal, we decided *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). In response to *Thompson*, the government and Mobley filed a joint motion requesting a summary reversal and remand for resentencing. The motion acknowledged that *Thompson* required this action because the district court had not justified the conditions of supervised release with reference to the factors identified in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(c). We granted the motion in an order that stated simply: "The appellant's sentence is VACATED, and the case is REMANDED to the district court for resentencing in light of [*Thompson*]."

The district court held a second sentencing hearing in June 2015. Prior to the second sentencing hearing, the government filed a position paper asking the court to impose the same sentence as before. Defense counsel did not file any documents. At that sentencing hearing, there was some confusion about the scope of the remand. The district court asked, "which parts of the supervised release do you [Mobley] disagree with?" Mobley's counsel replied that he believed that full re-sentencing was required; he wanted an opportunity to argue for a lower sentence and to present new mitigation evidence, namely, that Mobley had recently completed his G.E.D. while in prison. Counsel added that he had no substantive objection to the terms of supervised release that were recommended in the pre-sentence report.

The district court then expressed either its concern or its confusion over the point of the new proceeding. It commented that because Mobley had no substantive objection to the conditions of supervised release, the remand seemed to be "sort of an end run around my sentence." It stated that it was standing by its original sentence, explaining, "I gave it a lot of thought at the time and I imposed a sentence that I thought in this case, for this person, was appropriate. I really don't have anything more to say about it, and I really wasn't intending to go over it again." The district court concluded the exchange by saying, "I really don't think there is anything that you could say that would make me change that sentence." At that point, the court imposed the conditions of supervised release and explained the justification for each one.

After listing the conditions of supervised release, the court asked Mobley directly whether he disagreed with any of

them. In response, Mobley indicated that he believed his sentence was based on the incorrect criminal history category. The district court responded, "[w]ell, those are issues you could have raised on appeal and then chose not to." The court noted that the judgment "just says [remand] on the *Thompson* factors. … [T]o the extent that you're disagreeing with the conditions of supervised release on the ground that [the sentence] should have been a different category … I'm not reconsidering that." When the defendant asked for a further explanation for why the court was not reconsidering his sentence as a whole, the court explained, "I have no reason to reconsider your sentence. One, it wasn't presented here. Two, the Seventh Circuit didn't say to. Three, you didn't challenge any parts of my sentence on appeal, except for supervised release." The court entered final judgment, intending to impose a prison sentence of 161 months' imprisonment. The sentence was mistakenly recorded as 171 months' imprisonment. Mobley once again appeals.

Mobley argues that because the district court flatly refused to reconsider any portion of his sentence, it did not conduct a full resentencing as required by *Thompson*. Specifically, he asserts that the court procedurally erred by refusing to consider his mitigation evidence and by refusing to allow him the opportunity to allocute. In the alternative, Mobley requests that this court correct the apparent typographical error in his sentence. The government argues that a remand under *Thompson* is a limited remand that requires the district court to consider only the conditions of supervised release in light of the 18 U.S.C. § 3553(a) factors. Therefore, it argues, the district court was under no obligation to accept Mobley's new mitigation evidence or to give him the opportunity for allocution. In any

event, it says, the district court did consider Mobley's mitigation evidence and simply gave it no weight. It agrees that the sentence should have been for 161 months and that this correction should be made.

## II

*Thompson*, along with several other decisions from this court in recent years, represented a new and more serious approach toward supervised release. The logic is straightforward: supervised release is part of a criminal sentence; conditions must be justified in roughly the same manner as a term of imprisonment is, according to section 3583(c) (which incorporates most of the familiar factors under section 3553(a)); and greater effort is necessary to ensure both the clarity and the suitability of any condition that is imposed. Because the conditions of supervised release are part of a sentence, the district court must "state in open court the reasons" for imposing those particular conditions. *Thompson*, 777 F.3d at 373 (internal quotation marks omitted) (quoting 18 U.S.C. § 3553(c)). Finally, we noted that there may be a relation between the length of a prison term and the length of a term of supervised release (along with the conditions attached to it), and so a fresh look at the entire sentencing package may be needed even if only the supervised release portion of the sentence must be set aside. *Id.* at 382.

The process of considering and explaining in open court the conditions of supervised release and how they advance the statutory goals of sentencing is designed to promote more tailored and effective conditions and to eliminate "rote" imposition of conditions that may be vague or irrelevant to the defendant. *Id.* at 376–77. Since *Thompson*, we have issued nu-

merous remands requiring that district courts resentence defendants in light of its instructions. See, *e.g.*, *United States v. Coleman*, 806 F.3d 941, 956 (7th Cir. 2015); *United States v. Downs*, 784 F.3d 1180, 1182 (7th Cir. 2015); *United States v. Stanford*, 806 F.3d 954, 967 (7th Cir. 2015).

We have not, however, been as clear as we might be on what that resentencing must entail. At the time of Mobley's second sentencing, for example, we had only just issued *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), where we discussed *Thompson* at length. The present case offers another opportunity to clarify what is necessary, and what is desirable. It presents three separate questions: first, whether a remand "in light of *Thompson*" is a full remand or a remand limited to issues relating to supervised release; second, if it is a full remand, what a district court must do at that full resentencing; and third, whether the district court here did what was necessary.

A

A remand "in light of *Thompson*" is a remand that vacates the entire sentence and requires full resentencing, unless the opinion and mandate specify otherwise. Under 28 U.S.C. § 2106, we may issue a general remand or a limited remand. Because a criminal sentence is normally a package that includes several component parts (term of imprisonment, fine, restitution, special assessment, supervised release), when one part of the package is disturbed, we prefer to give the district court the opportunity to reconsider the sentence as a whole so as to "effectuate its sentencing intent." *Pepper v. United States*, 562 U.S. 476, 507 (2011). Vacating the sentence and returning the case to the district court for imposition of a new sentence allows the district court to "reconfigure the sentencing plan"

so as to "satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Id.* (internal quotation marks omitted); see also *United States v. Barnes*, 660 F.3d 1000, 1007 (7th Cir. 2011) (explaining that a full resentencing allows the district court to "unbundle the sentencing package").

As we stated in *Kappes*, this reasoning applies to remands based on the conditions of supervised release just as much as it applies to sentences that are vacated because one count is reversed, or there is a problem with a Guidelines computation. "Complete resentencing" is appropriate because "custodial and supervised release portions of a sentence serve somewhat … overlapping purposes[, and thus] there might properly be an interplay between prison time and the term and conditions of supervised release." 782 F.3d at 866–67. We therefore take this opportunity to clarify that when we issue an order vacating and remanding a sentence based on *Thompson*, it is a full remand unless otherwise noted in the opinion and the formal mandate.

B

Next, we consider what a full remand under *Thompson* (which occurs when the mandate shows that the sentence was vacated) enables, and requires, the district court to do. In the course of imposing a new sentence, the district court is authorized to reconsider all elements of the sentence, including in particular the prison term and the conditions of supervised release. It may consider any relevant evidence or arguments that are properly admissible at the new hearing. While the district court is not required to consider new arguments or evidence about the term of imprisonment (or any other element of the sentence), it must exercise its discretion in declining to do so—that is, it is required to acknowledge that it has

this power and explain why or why not it wishes to exercise it. *United States v. Booker*, 543 U.S. 220 (2005), provides the proper analogy. *Booker* modified the Sentencing Guidelines, changing them from mandatory to true guidance. But they provide a point of reference in all cases, and the district court may, if it wishes, impose a within-guidelines sentence even though it is not required to do so. *Booker*, 543 U.S. at 226. A district court commits significant procedural error if it "treat[s] the Guidelines as mandatory." *Gall v. United States*, 552 U.S. 38, 51 (2007). In other words, if a district court did not know that it had the discretion to choose a non-guidelines sentence, it could not have exercised its discretion when imposing its sentence, and thus the sentence would be procedurally improper even if that same sentence would be substantively reasonable had it been imposed in the proper manner. *Cf. Nelson v. United States*, 555 U.S. 350, 352 (2009) (sentencing court may not presume that within-sentence guidelines is reasonable); *Rita v. United States*, 551 U.S. 338, 351 (2007) (same).

Likewise, a *Thompson* remand gives a district court the power to hear new evidence or arguments (or reconsider the same evidence and arguments) as it fashions the new sentence. The defendant need not have raised these arguments on appeal; once the case is remanded for a complete resentencing, the defendant may assert any argument she wishes. The district court may choose to exercise its discretion in a manner that does not consider any new evidence or new arguments (or any old evidence or old arguments), and it may choose to impose the exact same sentence as was imposed at the original sentencing hearing. The new evidence may be cumulative of evidence already in the record; it may be too unreliable to be admissible; or there may be other sound reasons for rejecting it. But the court must acknowledge that it has the

*authority* to hear new arguments, so that we will know on appeal that it exercised its discretion in either accepting or rejecting new material. *Cf. Rita*, 551 U.S. at 351.

Since the posture of the case on a full remand is just as if sentence has not yet been pronounced, a full remand does require the district court to provide the defendant an opportunity for allocution. Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) states "[b]efore imposing sentence, the court must … address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." As we explained in *United States v. Barnes*, this right of a defendant to speak on her own behalf—known as allocution—attaches when "the scope of the punishment is not preordained." 948 F.2d 325, 329 (7th Cir. 1991); see also *Green v. United States*, 365 U.S. 301, 304 (1961) (holding defendant's right to speak is personal, and not satisfied by defense counsel having the opportunity to speak). When we vacate a sentence and order a full remand, the defendant has a "clean slate"—that is, there is no sentence until the district court imposes a new one. *Barnes*, 948 F.3d at 330. Thus, when the district court conducts a new sentencing pursuant to a *Thompson* remand, the defendant's "right to personally address the sentencing judge [is] resuscitated" regardless of whether she had this opportunity at any prior sentencing hearing. *Id.*

Finally, a full remand does *not* require the district court to rehear all (or any) of the evidence that it heard at the original sentencing hearing. As defense counsel acknowledged at oral argument, the record that was compiled during a prior sentencing hearing is still valid, and the district court at a later sentencing hearing may continue to rely on it. Nothing in the

nature of vacating a sentence or remanding for a new sentenc-
ing hearing in light of *Thompson* erases that record.

C

Last, we must apply these principles to Mobley's case. We
review a district court's determination of the scope of remand
*de novo. United States v. Purham*, 795 F.3d 761, 764 (7th Cir.
2015). Based on the transcript before us, it appears that the
court was under the misapprehension that the remand was
limited to the conditions of supervised release. That
amounted to a mistake of law, which must be corrected. The
transcript of the second sentencing hearing leaves us with the
distinct impression that the court believed that it had no dis-
cretion to hear new arguments (including ones not raised at
any earlier stage), to hear new mitigation evidence, and to re-
consider arguments made in an earlier sentencing hearing.

Nor did the court give Mobley an opportunity for allocu-
tion—something we have just said that it was required to do.
See *Barnes*, 948 F.2d at 329. The twist here is that Mobley did
not object to this misstep. Ordinarily, we would review only
for plain error. *United States v. Noel*, 581 F.2d 490, 502–03 (7th
Cir. 2009). For an error to be plain, it must be both obvious
and have affected Mobley's substantial rights. *United States v.
Olano*, 507 U.S. 725, 732 (1993). The error here was obvious
given *Barnes*. We need not say whether this would be enough,
by itself, to require a remand. Because we are sending the case
back for a full resentencing, the district court need only ensure
that he has this opportunity at the proper time in the new
hearing.

Finally, the district court appears to have made a clerical error in entering the sentence. It stated that it wished to impose the same term of imprisonment as it had done previously, 161 months, but entered 171 months. In light of the remand, we need do nothing about this either. There is no reason to expect any typographical errors the next time around.

### III

Because we cannot be sure from the record before us that Mobley's second sentencing hearing comported with the requirements we have outlined here, we VACATE his sentence and REMAND for a complete resentencing hearing consistent with this opinion.