In the

# United States Court of Appeals

## For the Seventh Circuit

---

Nos. 15-2193, -2762

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FELIPE ZAMORA and SAMUEL GUTIERREZ,

*Defendants-Appellants.*

---

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 08 CR 746-10, -18 — **Charles R. Norgle**, *Judge.*

---

SUBMITTED AUGUST 18, 2016 — DECIDED AUGUST 26, 2016

---

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.* In 2009 the defendants, Zamora and Gutierrez, high-ranking members of the Latin Kings street gang, were charged with a variety of federal crimes. Zamora pleaded guilty to participating in both a racketeering conspiracy and a conspiracy to extort money from "miqueros," who specialize in providing identification documents to unauthorized aliens. Gutierrez pleaded guilty to participating in the racketeering conspiracy and to pos-

sessing an illegal drug with intent to distribute it. At sentencing the district judge credited Zamora with acceptance of responsibility, but in sentencing him to 240 months in prison failed to indicate what Zamora's guidelines range was. The court imposed a 3-year term of supervised release with all the standard conditions of supervised release plus two special conditions, one requiring Zamora to participate in an approved job-skill training program and the other requiring him to perform at least 20 hours of community service weekly if he was unemployed.

At Gutierrez's sentencing, which took place a month after Zamora's, the judge refused to credit him with acceptance of responsibility, on the ground that unlike his codefendant he had fallen "substantially short of accepting responsibility factually for what occurred: what he did and what was foreseeable to him, and which was part of the daily activities, as it were, of this—of the gang itself." His acceptance of responsibility, the judge said, was directed "to his family and friends" and "totally ignores the other victims of the activities carried out" by the Latin Kings. The judge calculated Gutierrez's guidelines range at 210 to 262 months, and sentenced him at the bottom of the range, while also imposing a 4-year term of supervised release with all the standard conditions plus special conditions requiring Gutierrez to undergo a mental-health evaluation, participate in a mental-health treatment program, take steps to obtain a GED, and if unemployed perform community service.

The defendants appealed, and in *United States v. Garcia*, 754 F.3d 460, 483–87 (7th Cir. 2014), we vacated their sentences—Zamora's for the judge's failure to calculate his guidelines range or justify what appeared to be an above-

guidelines sentence, Gutierrez's for lack of an adequate explanation by the judge for deciding to deny Gutierrez acceptance of responsibility; and so we remanded for resentencing of both defendants.

On remand the district judge commended Zamora for good behavior in prison and for showing genuine remorse for his activities as a high-ranking Latin King; calculated a guidelines imprisonment range of 168 to 210 months; imposed a prison sentence of 200 months; and reimposed the term and conditions of supervised release that he had imposed before. Gutierrez in his sentencing memorandum explained that he'd tried to "better himself" in prison by, for example, completing "numerous classes and programs," working as a cook in the prison kitchen, participating in vocational training as a cabinetmaker, and helping to train other inmates in masonry and carpentry. At his resentencing hearing he again apologized for belonging to the Latin Kings, but this time his apology was "to the Court," his family, and "also to the community." On the basis of his statement, the government recommended that he receive credit for acceptance of responsibility, which would reduce his guidelines range from 210 to 262 months to 151 to 188 months. After questioning Gutierrez at length concerning his activities as a Latin King, the judge, while not calculating a guidelines range, did reduce his sentence from 210 to 188 months, with "all other aspects of the [original] judgment ... [to] remain in effect."

The defendants have again appealed. Both challenge the conditions of supervised release, pointing out that the judge failed to give advance notice that he was considering imposing (as he did) discretionary conditions (that is, conditions

other than the standard and special conditions that the judge also imposed), that some of the conditions he did impose we have deemed overbroad and overly vague in previous decisions, and that he failed to determine the compatibility of the conditions he was imposing with the statutory sentencing factors in 18 U.S.C. § 3553(a), or to state the conditions orally. All these were errors, which have persuaded the government—and persuade us—that the sentences of the defendants must again be vacated and the cases again remanded for the full resentencing that the defendants should have received after our previous remand but did not. See, e.g., *United States v. Poulin*, 809 F.3d 924, 931–34 (7th Cir. 2016); *United States v. Harper*, 805 F.3d 818, 822 (7th Cir. 2015); *United States v. Sandidge*, 784 F.3d 1055, 1067–69 (7th Cir. 2015); *United States v. Kappes*, 782 F.3d 828, 842–52, 862–63 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368, 373, 375–77, 379–81 (7th Cir. 2015).

As explained in *United States v. Mobley*, No. 15-2255, 2016 WL 4275821 (7th Cir. Aug. 15, 2016), at *3, "Because a criminal sentence is normally a package that includes several component parts (term of imprisonment, fine, restitution, special assessment, supervised release), when one part of the package is disturbed, we prefer to give the district court the opportunity to reconsider the sentence as a whole so as to 'effectuate its sentencing intent.' *Pepper v. United States*, 562 U.S. 476, 507 (2011). Vacating the sentence and returning the case to the district court for imposition of a new sentence allows the district court to 'reconfigure the sentencing plan' so as to 'satisfy the sentencing factors in 18 U.S.C. § 3553(a).' *Id.*" See also *United States v. Barnes*, 660 F.3d 1000, 1007 (7th Cir. 2011), where we explained that a full resentencing al-

lows the district court to "unbundle the sentencing package."

With regard to Gutierrez the judge committed an additional error by failing to calculate his guidelines range (one of the errors, the reader will recall, that caused us to order Zamora resentenced). Furthermore, though we instructed the judge to reconsider on remand his ruling that Gutierrez had not accepted responsibility for the crimes he'd pleaded guilty to, we can't tell from the sentencing transcript how the issue of acceptance of responsibility was resolved. It is true that Gutierrez's new sentence—188 months—would be the top of the guidelines range recommended by the defense and the government, reflecting the deduction of three offense levels for acceptance of responsibility. But the judge's extended colloquy concerning Gutierrez's activities as a member of the Latin Kings and apparent dissatisfaction with Gutierrez's answers are consistent with the judge's having reduced his sentence not because he'd accepted responsibility for his crime but because like Zamora he'd behaved well in prison. *Pepper v. United States*, *supra*, 562 U.S. at 490–93. But that's just a guess; for in contrast to his treatment of Zamora, the judge did not mention Gutierrez's good behavior in prison, did not mention any of the section 3553(a) sentencing factors, and did not explain why, assuming he was *sub silentio* crediting Gutierrez with accepting responsibility, he nevertheless thought that unlike Zamora Gutierrez deserved to be sentenced at the high end of the applicable guidelines range. (This assumes that the judge agreed with the litigants' guidelines calculation.)

Given that both defendants were entitled to a full resentencing after their successful first appeals, 18 U.S.C.

§ 3742(g), and instead received cursory treatment by the judge, and that the government does not contest Gutierrez's request that a different judge conduct his sentencing hearing on remand, we order that Gutierrez's third sentencing hearing be conducted before a different judge. See 7th Cir. R. 36.

The defendants' sentences are vacated and both cases are remanded for resentencing.