**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 14, 2017[*]
Decided July 27, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3881

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-10107-001 |
| ALEXIS MIRANDA-SOTOLONGO, *Defendant-Appellant*. | **Joe Billy McDade**, *Judge*. |

## ORDER

Alexis Miranda-Sotolongo appeals for the second time his sentence for his conviction of being a felon in possession of a firearm. He argues that the district court erred by modifying his conditions of supervision in his absence and that the district court insufficiently stated its reasons for the modifications. We disagree and affirm the decision of the district court.

---

[*] We have unanimously agreed to decide this successive appeal without oral argument because the legal issues have been authoritatively decided. Fed. R. App. P. 34(a)(2)(B).

The underlying facts of Miranda-Sotolongo's conviction for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) are explained more fully in our opinion in his first appeal. *United States v. Miranda-Sotolongo*, 827 F.3d 663 (7th Cir. 2016). Miranda-Sotolongo was convicted of being a felon in possession of a firearm after a jury trial. At sentencing, the district court imposed a sentence of sixty-three months in prison followed by three years of supervised release. Miranda-Sotolongo successfully challenged four terms of the supervised release as unconstitutionally vague and overbroad. *Id.* at 671–72.

Applying recent case law from this circuit, we found that two conditions imposed unconstitutionally vague limits on Miranda-Sotolongo's use of alcohol. A third condition imposed an unconstitutionally vague prohibition on the purchase, possession, or use of mood-altering substances. A fourth condition required Miranda-Sotolongo to obtain his GED diploma rather than just to seek a GED. We vacated the four challenged conditions, "confident that the district court on remand [would] consider whether to impose similar but more narrowly tailored conditions and, if so, [would] explain its decisions to the extent required." *Id.* at 671. Because the problems with the supervised release terms were narrow, we saw "no need to order a full re-sentencing." *Id.* at 672.

On remand, the government said it would not object to eliminating the three conditions involving alcohol and mood-altering substances. The government also recommended altering the requirement that defendant obtain a GED to a requirement that he seek a GED. The government further suggested that because the elimination of three conditions and the modification of the fourth were favorable to Miranda-Sotolongo, Federal Rule of Criminal Procedure 32.1(c)(2) allowed the court to act without a hearing. The district court agreed with the government's recommendations and implemented them, striking the restrictions on alcohol consumption and mood-altering substances and modifying the GED condition so that Miranda-Sotolongo will be required to seek a GED but not to obtain one.

Miranda-Sotolongo appeals. He argues that Federal Rule of Criminal Procedure 43, not Rule 32.1, governs and that he was entitled to be present at the required resentencing hearing. He also argues that the district court did not adequately explain the reasons for modifying the conditions of supervision. We review *de novo* the scope of the remand. *United States v. Lewis*, 842 F.3d 467, 473 (7th Cir. 2016), quoting *United States v. Mobley*, 833 F.3d 797, 803 (7th Cir. 2016). While we often vacate the entire sentence and remand for full resentencing when there are narrow problems in the conditions of supervision, see *Mobley*, 833 F.3d at 801, we have also found that "[s]ometimes it is

sensible to fix problems in the supervised-release portion of the sentence and let the rest stand." *United States v. Ray*, 831 F.3d 431, 439 (7th Cir. 2016) (collecting cases).

Federal Rule of Criminal Procedure 43(a)(3) requires the defendant's physical presence when his sentence is imposed. Rule 32.1(c) more specifically addresses the procedural requirements for modifying conditions of supervised release. The general rule is: "Before modifying the conditions of … supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(c)(1). Under Rule 32.1, however, a "hearing is not required if … the relief sought is favorable to the person and does not extend the term … of supervised release; and … an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2). These conditions were satisfied here, so an in-person hearing was not needed.

We were clear in our remand that the errors in the conditions of supervision were "narrow enough" that there was "no need to order a full re-sentencing." *Miranda-Sotolongo*, 827 F.3d at 672. We remanded only for reconsideration of the four challenged conditions of supervised release, observing that the district court could "impose similar but more narrowly tailored conditions." *Id.* at 671. The modification does not extend the term of supervised release, and the government received notice of the relief and had a reasonable opportunity to object but did not do so—it was the government's recommendations that the district court adopted.

The modifications were all favorable to Miranda-Sotolongo, so an in-person hearing with the defendant was not required. The defense argues, however, that because we vacated the four conditions and remanded for reconsideration, the correct comparison to determine whether the changes were favorable is not, as common sense might dictate, between the four challenged conditions and the one modified condition, but rather between the "no conditions" in place after we vacated them for vagueness and the new condition. This argument elevates form high above substance. We are persuaded we should not adopt the rather metaphysical notion that, because we vacated the challenged conditions of supervised release, none were actually in effect. Thus far, none of the conditions have ever gone into effect since Miranda-Sotolongo still has a while to go on his prison sentence. After having received the relief he sought in his first appeal, the relief he received on remand was clearly favorable to him. Three of the conditions were eliminated. The fourth was modified to make it less demanding. What could be more favorable to the defendant?

The exception to a hearing requirement for modifying conditions of supervised release under Rule 32.1(c)(2) was thus satisfied. In fact, the district court provided Miranda-Sotolongo with more than was required under Rule 32.1. The court held a hearing, although it was not required, and offered Miranda-Sotolongo an opportunity to participate by telephone. (He refused to participate.) We do not see any harm he suffered as a result of his absence from the hearing.

Finally, we address Miranda-Sotolongo's argument that the district court failed to explain sufficiently its reasons for the modifications. See *United States v. Bryant*, 754 F.3d 443, 444–45 (7th Cir. 2014); *United States v. Farmer*, 755 F.3d 849, 852 (7th Cir. 2014). The district judge said that he intended "to comply with the mandate from the Seventh Circuit" and "would resentence the Defendant on those conditions as indicated by the record." Further, "the proposed changes to the four remand conditions agreed to by the Government are appropriate and are consistent with the Seventh Circuit jurisprudence." That is sufficient to explain the elimination of three conditions and the modification of the GED requirement from obtaining a GED to seeking one, which we said "we would uphold." See *Miranda-Sotolongo*, 827 F.3d at 671. No more needed to be said, and the district court did not abuse its discretion. See *United States v. Evans*, 727 F.3d 730, 732 (7th Cir. 2013) (applying abuse of discretion standard to review challenge to modified terms of supervised release); see also *Farmer*, 755 F.3d at 853 (acknowledging "tension in our cases as to the proper standard of review"), quoting *United States v. Shannon*, 743 F.3d 496, 499 (7th Cir. 2014).

Accordingly, we AFFIRM the decision of the district court.