**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6670**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

JAMES GOODPASTURE,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:15-hc-02188-BO)

Submitted: August 30, 2017                    Decided: September 8, 2017

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Jude Darrow, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, G. Norman Acker, III, Michael G. James, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Goodpasture appeals the district court's order civilly committing him as a sexually dangerous person, pursuant to the Adam Walsh Act, 18 U.S.C. §§ 4247-4248 (2012). Goodpasture argues that the district court clearly erred in finding he would have serious difficulty in refraining from child molestation if released,[1] in analyzing several aggravating factors, and in failing to properly account for some mitigating factors.[2] We affirm.

"[W]e review the district court's factual findings clear error and its legal conclusions *de novo*." *United States v. Bolander*, 772 F.3d 199, 206 (4th Cir. 2013) (discussing standard of review). We have reviewed the parties' briefs and the joint appendices and have carefully considered Goodpasture's arguments, and we conclude that the district court did not clearly err in finding that Goodpasture would have serious difficulty refraining from sexually violent conduct or child molestation if released from incarceration. *See United States v. Wooden*, 693 F.3d 440, 462 (4th Cir. 2012) (setting forth factors courts consider in making such determination); *see also Bolander*, 722 F.3d

---

[1] Goodpasture concedes that he meets the first two criteria for civil commitment: he has engaged in child molestation in the past and presently suffers from a serious mental illness, abnormality, or disorder.

[2] With regard to the remaining claims on appeal, we conclude that Goodpasture has waived review of his conclusory arguments. *See Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013) (stating that argument is waived when party "fail[s] to support its contentions with citations to the authorities and parts of the record on which [it] relies" (internal quotation marks omitted)); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (single, conclusory sentence insufficient to preserve issue for appellate review).

at 207 (stating that, when court's determination "is based on [its] decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error" (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*