NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2018[*]
Decided March 9, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1862

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 12 CR 50044-3 |
| MICHAEL FLOURNOY, *Defendant-Appellant.* | Frederick J. Kapala, *Judge.* |

**O R D E R**

A jury convicted Michael Flournoy of attempting and conspiring to possess cocaine with intent to distribute it, *see* 21 U.S.C. §§ 846, 841(a)(1). This court vacated his original sentence because the district court did not explain the discretionary conditions of supervised release as required by *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). *See United States v. Flournoy*, 842 F.3d 524, 531 (7th Cir. 2016). The district court resentenced him, and Flournoy appeals his new sentence. He principally contends that

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

he is not guilty and, at most, played only a minimal role in the events. But his guilt is beyond the scope of the remand, and his role was not minimal, so we affirm.

The evidence at trial reflected the following. Flournoy, a Chicago resident, was caught in Rockford, Illinois, in a "reverse sting" operation (where the police agree to sell, rather than buy, drugs). He initiated an attempt with two codefendants to purchase six kilograms of cocaine from an undercover detective. Flournoy and his codefendants drove to Rockford to meet the detective and buy the cocaine. Flournoy took cash from the trunk of the car that he had driven and loaded it into the detective's car in exchange for the drugs. The detective's car, however, contained packages of brown sugar, not actual cocaine.

Sentencing followed the conviction. Under the Sentencing Guidelines then in effect, his offense level was 32 and his criminal history category was IV. His sentencing range was therefore 168 to 210 months, and he received a sentence of 204 months in prison. After he was sentenced, Amendment 782 to the Sentencing Guidelines retroactively lowered by 2 the base offense level for most drug crimes, including Flournoy's. So after we ordered the *Thompson* remand, the district judge recalculated Flournoy's offense level to be 30. Because Flournoy's criminal history category remained at IV, his sentencing range decreased to 135 to 168 months.

The judge then held a full resentencing hearing. Flournoy presented mitigating evidence, argued for a 4-level reduction to his offense level under U.S.S.G. § 3B1.2(a) (for having a "minimal" role in the offense), and asked for a below-guidelines sentence. He also contended that he is innocent because, he said, no evidence suggested that he conspired with his codefendants to distribute drugs. The judge ruled that arguments about innocence are "outside the scope of the remand" and declined to reduce Flournoy's offense level based on his minimal-role argument. Flournoy was sentenced to 160 months' imprisonment and 5 years' supervised release.

On appeal, Flournoy first contends, incorrectly, that the district judge limited the scope of the remand to the terms of supervised release. A remand "in light of *Thompson*" vacates the entire sentence and requires the district judge to conduct a full resentencing. *United States v. Mobley*, 833 F.3d 797, 801 (7th Cir. 2016). Full resentencing "is appropriate because 'custodial and supervised release portions of a sentence serve somewhat … overlapping purposes[, and thus] there might properly be an interplay between prison time and the term and conditions of supervised release." *Id.* (quoting *United States v. Kappes*, 782 F.3d 828, 867 (7th Cir. 2015)). And the judge properly conducted a complete resentencing: As Flournoy describes in his own briefs, the judge

considered his objections to the presentence investigation report, his contention that he played a "minimal role" in the crime, his post-sentencing mitigation evidence, and his arguments about the "nature and circumstances of the offense." The record further reflects that the judge considered the factors of 18 U.S.C. § 3553(a), including the need to provide adequate deterrence and to protect the community. Moreover, the judge reduced Flournoy's imprisonment sentence from 204 to 160 months, reflecting a change in both the guidelines calculation and in the judge's assessment of a sufficient sentence.

Flournoy replies that the judge rejected some of his arguments as "outside the scope of the remand." But the judge correctly did so because Flournoy continued to assert his innocence. For example, in his appellate brief, he maintains that the "government's case does not include any evidence of distribution or agreement between Mr. Flournoy's role in the conspiracy as a buyer, with his codefendant(s) role as seller" and asks this court to vacate his sentence "for want of criminal element." But "[t]he district court was certainly permitted to disregard" Flournoy's "assertion of innocence" at sentencing. *United States v. Halliday*, 672 F.3d 462, 475 (7th Cir. 2012). And, in any event, the evidence at trial showed that Flournoy initiated the transaction, supplied the money for it, and attempted to buy six kilograms of cocaine.

Flournoy next challenges his sentence in two respects. He first reprises his argument about his correct offense level, contending that he had a "minimal role" in the conspiracy. *See* U.S.S.G. § 3B1.2(a). He argues that no evidence showed that he intended to distribute cocaine and he never possessed the drug. A defendant is a "minimal participant" for purposes of § 3B1.2(a) when he "'plays [such] a minimal role' in the offense that he is 'plainly the least culpable' of the participants." *United States v. Doe*, 613 F.3d 681, 687 (7th Cir. 2010) (quoting U.S.S.G. § 3B1.2, app. n.4). But as we just explained, Flournoy was the instigator of the conspiracy and intended recipient of the drugs rather than the "least culpable." The district judge made no error here.

Flournoy also contends that his sentence reflects unwarranted disparity, as compared to sentences that the same district judge imposed and we upheld in *United States v. Melendez*, 819 F.3d 1006 (7th Cir. 2016). In that case, the judge sentenced one defendant to 135 months' imprisonment and another to 80 months, for conspiring to distribute heroin. *Id*. at 1010–11. Flournoy argues that his conduct was less culpable, and so he should have received a lower sentence than those defendants did. But as the government points out, those defendants pleaded guilty rather than going to trial, and had lower guidelines ranges than Flournoy. *Id*. at 1010–11. Their sentences were within their guidelines ranges, as Flournoy's sentence was. No "unwarranted disparities"

occur when differently situated defendants have different, within-guidelines sentences. *United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009); *see United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009) ("The best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly."). Flournoy's sentence, within his correctly calculated guidelines range, is presumed reasonable on appeal, *see United States v. Moore*, 851 F.3d 666, 674 (7th Cir.), *cert. denied*, 138 S. Ct. 159 (2017), and he has given us no valid reason to question it.

Finally, Flournoy challenges the judge's statements at sentencing about the effects of drug trafficking on the community. Section 3553(a)(2)(C) directs district judges to consider the need to "protect the public" from the defendant's crimes. But Flournoy argues that his case "does not have any drugs in it" and he "has no ties" to Rockford. These facts are technically true—the reverse sting operation involved only brown sugar, and Flournoy is from Chicago. But Flournoy drove *to* Rockford to attempt to buy 6 kilograms of cocaine. Even "attempt" crimes endanger a community because they present a risk of eventual success. The judge was therefore justified in considering the impact of Flournoy's actions in the greater community.

AFFIRMED