In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2096

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LAWRENCE MANYFIELD, SR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:09-cr-00157-1 — **Matthew F. Kennelly**, *Judge.*

SUBMITTED APRIL 28, 2020 — DECIDED JUNE 11, 2020

Before EASTERBROOK, RIPPLE, and SCUDDER, *Circuit Judges.*

RIPPLE, *Circuit Judge.* After Lawrence Manyfield admitted several violations of his supervised release, the district court revoked his term of supervision and sentenced him to twenty-four months in prison followed by a lifetime term of supervised release. The parties agree on appeal that the court neither gave adequate notice of the conditions of supervision (many of which we have deemed vague) nor sufficiently explained its reasons for imposing them. They disagree, how-

ever, about the proper scope of the remand. We conclude that the court properly justified the prison sentence and term of supervised release and, therefore, remand only for further consideration of the release conditions.

Mr. Manyfield pleaded guilty in 2011 to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); he was sentenced to 120 months in prison and a fifteen-year term of supervision. Within a year of Mr. Manyfield's release from prison, his probation officer twice found him in possession of a cell phone with internet connectivity, in violation of his conditions of release. A forensic exam of one phone showed that Mr. Manyfield had created several email and social-media accounts and accessed pornographic websites—actions that his release conditions also prohibited. Through those accounts, Mr. Manyfield also had sent messages to several people asking for pictures of them with their children, and the officer found five hard-copy photos of what "appear[ed] to be minor females in sexually provocative poses."[1]

Mr. Manyfield's probation officer filed a petition to revoke his supervised release based on these and other violations. Supplemental reports further noted that Mr. Manyfield failed to attend a sex-offender-treatment program and followed Twitter accounts advertising images of underage girls. Given Mr. Manyfield's repeated disregard for the conditions of his release and the apparent risk he posed to the community, the officer recommended eighteen months' imprisonment (above the range recommended by the policy statements in Chapter Seven of the Sentencing

---

[1] R. 110 at 6.

Guidelines) to be followed by a lifetime term of supervised
release with twenty-two mandatory, discretionary, and spe-
cial conditions. Mr. Manyfield did not dispute the allega-
tions but argued that the recommended sentence was exces-
sive in view of the factors in 18 U.S.C. § 3553(a) and empha-
sized a need for treatment instead of reincarceration. He fur-
ther asked that supervised release, if any, be limited to an-
other fifteen-year term, and he objected to a few of the pro-
posed conditions.

At the hearing that followed, Mr. Manyfield admitted a
total of eight violations, and the district court heard sentenc-
ing arguments. Citing concerns about the seriousness of the
offense, Mr. Manyfield's risk to the community, and the
need for specific deterrence, the Government recommended
a twenty-four-month sentence—the maximum allowed un-
der 18 U.S.C. § 3583(e)(3). For his part, Mr. Manyfield noted
that the range under the applicable policy statements was
four to ten months' imprisonment, explained that he needed
a phone to schedule doctor appointments, and emphasized
that he had not acted on the fantasies reflected in the porno-
graphic materials. He acknowledged that he must follow the
conditions and, in light of his age (sixty-seven) and medical
conditions, requested a prison sentence within the range and
a fifteen-year term of supervision.

The court revoked Mr. Manyfield's supervised release
and sentenced him to twenty-four months in prison, explain-
ing that he was a danger to the community and that the
maximum term was necessary to deter him. The court noted
that it did not intend to further punish Mr. Manyfield for
past conduct, but his criminal history—including abusing

his minor stepdaughter—was still a "relevant factor."[2] It further explained that if Mr. Manyfield needed a cell phone, he should have asked his probation officer for help getting one without internet capabilities. The reports, moreover, showed that Mr. Manyfield used an encrypted internet connection to conceal his internet use. In light of Mr. Manyfield's "rampant" violations, the court concluded that this was not a situation in which he had "tried his best."[3] "[T]he only reason I'm going to impose a 24-month sentence," the court stated, "is because I can't impose more. … If I could impose a 48-month sentence, I would … ."[4]

Without further explanation, the court also imposed "lifetime supervised release with the same conditions that were imposed before."[5] The court neither read the conditions aloud nor asked whether Mr. Manyfield (who had counsel present) waived reading. When the written judgment issued, it contained many conditions that had not been proposed in the revocation petition. Further, several of these conditions have been questioned or deemed vague since Mr. Manyfield's original sentencing.[6] The written judgment also reflected the imposition of eight concurrent prison sentences and terms of supervision (one for each violation), but,

---

[2] R.136 at 26:21.

[3] *Id.* at 29:1, 28:13.

[4] *Id*. at 29:4–7.

[5] *Id.* at 29:11–13.

[6] For example, the conditions included general prohibitions on "excessive" alcohol use and "frequenting" places where controlled substances are sold, *see* R.123 at 5, which we have held are unduly vague. *See United States v. Thompson*, 777 F.3d 368, 376–77, 379 (7th Cir. 2015).

at the hearing, the district court referred only to one sentence for all eight violations.

Mr. Manyfield has appealed, arguing that the district court did not explain adequately its reasons for imposing the conditions of supervised release. Although he did not object to these conditions at the sentencing hearing, we do not apply the waiver doctrine. The challenged conditions were neither included in the revocation petition, nor read aloud at the hearing. Indeed, the Government concedes that "the district court imposed numerous conditions of supervised release without defendant having sufficient notice of those conditions and their precise formulation."[7] Consequently, Mr. Manyfield had no "meaningful opportunity" to object. *United States v. Flores*, 929 F.3d 443, 450 (7th Cir. 2019) (explaining that "[w]e will find waiver … when the defendant has notice of the proposed conditions, a meaningful opportunity to object, and she asserts (through counsel or directly) that she does not object to the proposed conditions, waives reading of those conditions and their justifications, challenges certain conditions but not the one(s) challenged on appeal, or otherwise evidences an intentional or strategic decision not to object"), *cert. denied*, 140 S. Ct. 504 (2019).

Turning to the merits, we agree with the parties that the district court did not justify properly its imposition of the conditions of supervised release. We have said that, in imposing conditions of supervised release, sentencing judges should consider four factors:

> (1) the importance of advance notice of conditions being considered; (2) the need to justify

---

[7] Gov't's Mot. to Vacate 13.

the conditions and the length of the term at sentencing by an adequate statement of reasons, reasonably related to the applicable § 3553(a) factors; (3) the goal of imposing only specific, appropriately-tailored conditions—which is to say, avoiding the imposition of vague or overbroad conditions; and (4) the requirement to orally pronounce all conditions, with the written judgment only clarifying the oral pronouncement in a manner that is not inconsistent with an unambiguous oral provision.

*United States v. Kappes*, 782 F.3d 828, 838–39 (7th Cir. 2015); *see also United States v. Thompson*, 777 F.3d 368, 376–77 (7th Cir. 2015). Here, the court summarily imposed "the same conditions that were imposed before,"[8] so we cannot tell from the sentencing transcript whether it considered these factors in selecting which conditions to impose.

Moreover, the court's failure to explain its decision on the conditions of release was not harmless. Because several of the conditions had not been proposed in the probation officer's prehearing report, Mr. Manyfield had no notice of the conditions the court was considering. *See Thompson*, 777 F.3d at 377–79. The parties also have identified many conditions that have been deemed vague. These shortcomings require us to vacate the portion of the sentence imposing the conditions of supervised release. *See United States v. Moose*, 893 F.3d 951, 960, 962 (7th Cir. 2018); *United States v. Miranda-Sotolongo*, 827 F.3d 663, 671–72 (7th Cir. 2016).

---

[8] R.136 at 29:12–13.

The only issue, then, is the scope of the remand. Mr. Manyfield argues that our holding in *United States v. Mobley*, 833 F.3d 797 (7th Cir. 2016), mandates plenary resentencing for any *Thompson* error. By contrast, the Government contends that we should remand as to the conditions of supervised release because the court adequately justified the prison sentence.

We agree with the Government and remand for reconsideration of only the conditions of supervised release. In *Mobley*, we held that a district court instructed to resentence a defendant "in light of *Thompson*" must conduct a full resentencing "unless the opinion and mandate specify otherwise." 833 F.3d at 801. We may order, however, a limited remand when there is no cause to disturb the prison sentence or term of supervision. *See* 28 U.S.C. § 2106; *Moose*, 893 F.3d at 962 (affirming the defendant's sentence and term of supervised release, but remanding "for the limited purpose of addressing th[e] conditions of supervised release").

Here, the district court amply justified the two-year prison sentence. It stated that the maximum term was necessary to deter Mr. Manyfield because his violations showed he was a danger to the community. *See* 18 U.S.C. § 3553(a). Moreover, the court's comment that "the only reason I'm going to impose a 24-month sentence is because I can't impose more"[9] convinces us that it would impose the same term of imprisonment regardless of any changes to the conditions of supervised release. We acknowledge the "interplay" between the custodial and supervised-release portions of the sentence, *Kappes*, 782 F.3d at 867, but here the district court's

_____

[9] R.136 at 29:4–5.

remarks leave no room for doubt as to the appropriateness of the sentence. We also note that in his opening brief—filed before the Government conceded error—Mr. Manyfield did not challenge the term of imprisonment.

Likewise, we see no need to remand for reconsideration of the term of supervised release in view of the court's discussion about the need for specific deterrence. Although the court did not tie explicitly this concern to the lifetime term of supervised release, there is no need to justify separately terms of imprisonment and supervised release when the same explanation reasonably supports both. *See United States v. Bloch*, 825 F.3d 862, 869–70 (7th Cir. 2016). Here, Mr. Manyfield's repeated violations of the conditions of release, attempts to conceal his behavior, and failure to attend sex-offender treatment suggest that less severe measures had proven to be ineffective deterrents. The district court, therefore, reasonably concluded that a lifetime term of supervision was necessary. *See Moose*, 893 F.3d at 960 (extending prison-sentence rationale where it applied "equally well" to term of supervision).

Last, the parties correctly note that, because Mr. Manyfield's original sentence included a single term of supervised release, the district court may impose, upon revocation, only one term of imprisonment and supervised release. *See United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006). The new judgment should reflect this principle.

We VACATE and REMAND for a limited resentencing on the conditions of supervised release.

VACATED in part and REMANDED in part