NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2021[*]
Decided October 19, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1264

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:07-CR-30185-SMY-1 |
| JAMES K. GOODPASTURE, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

James Goodpasture appeals the district court's imposition of various special conditions of supervised release as part of his sentence for violating the conditions of a previously imposed term of supervision. We agree with Goodpasture that the district court did not adequately justify restrictions on his computer and internet use, and we

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Rule 34(a)(2)(C).

vacate just that portion of the revocation sentence and remand for the limited purpose of allowing the district court to reconsider whether to impose that condition. We otherwise affirm.

**I**

In 2007, law enforcement officers discovered a gun while executing a search warrant at Goodpasture's residence after three teenage boys reported that he had solicited them to perform sexual acts. They told police that Goodpasture asked them to ejaculate into plastic bags, supposedly for him to donate to a sperm bank. One boy also alleged that he slept at Goodpasture's home, and Goodpasture sexually molested him while he slept. Goodpasture denied the boys' allegations, but he admitted that he owned the gun found in his home. Goodpasture pleaded guilty in the Southern District of Illinois to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and the district court sentenced him to 108 months' imprisonment plus three years' supervised release.

As relevant to this appeal, Goodpasture has three prior convictions for sex offenses against children under 13 years old. He also has one prior conviction for failing to register as a sex offender. Finally, Goodpasture has two prior convictions for driving under the influence of alcohol and one for possession of a controlled substance.

All these convictions are from the 1980s and 1990s, but Goodpasture's sex offenses, in particular, continue to loom over him. While Goodpasture was in prison for the current firearm conviction, the government petitioned to civilly commit him as a "sexually dangerous person" under 18 U.S.C. § 4248(a). A federal court in North Carolina granted the petition, finding that Goodpasture was likely to reoffend. *United States v. Goodpasture*, 697 F. App'x 184 (4th Cir. 2017). As part of a modification of his sentence for the firearm conviction, Goodpasture agreed to several conditions of supervision tailored to sex offenders. And, after four years, he successfully petitioned to remove his "sexually dangerous person" status and end that detention. Case No. 5:15-hc-2188-BO (E.D.N.C. Mar. 2, 2020). Although two experts opined that Goodpasture was still dangerous, the district court in North Carolina agreed with a defense expert who testified that Goodpasture no longer suffered from pedophilic disorder or experienced uncontrollable sexual urges toward children.

Shortly after this decision, Goodpasture finished the custodial portion of his criminal sentence and began serving supervised release at a residential reentry center. Eight months later, however, his probation officer petitioned to revoke his supervised release based on nine alleged violations of the conditions. He missed a session of his

required sex-offender treatment, kept a box-cutter in his locker at the reentry center, and failed a breathalyzer test, violating both his conditions of supervision and the reentry center's rules. Finally, Goodpasture violated his location-monitoring requirements on five occasions by failing to give notice or obtain approval. Goodpasture offered innocent explanations for most of these violations, but he nonetheless admitted them.

The district court revoked Goodpasture's supervision, sentenced him to one year of imprisonment and two years of supervised release, and continued the sentencing hearing to allow Goodpasture time to review the proposed conditions of supervised release. Goodpasture then objected to the following conditions: (1) computer- and internet-monitoring and prohibition of social media use; (2) location monitoring and home confinement; (3) total abstinence from alcohol consumption with remote testing and alcohol treatment for one year; (4) warrantless searches upon reasonable suspicion; and (5) notifying third parties of his criminal history. He argued that these conditions were not warranted by his personal characteristics or anything in his criminal history. The district court overruled Goodpasture's objections.

## II

On appeal, Goodpasture renews his challenge to these conditions. We review for an abuse of discretion, looking at whether the district court explained, consistent with the factors under 18 U.S.C. §§ 3553(a) and 3583(d), its reasons for imposing them. *United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015). A condition "cannot involve a greater deprivation of liberty than is reasonably necessary" to achieve the goals of sentencing. *Id.* (quoting *United States v. Goodwin*, 717 F.3d 511, 522 (7th Cir. 2013)).

## A

We start with the restrictions on computer and internet use, which allow the Probation Office to access all Goodpasture's computing, internet, and electronic storage devices, to install monitoring software, and to conduct random searches. Further, he must notify any current or potential employer of his internet restrictions, as well as any third party who may use the same devices that he uses. Finally, Goodpasture's probation officer can bar him from all activity on "social media sites" and limit him to possessing only one internet-capable device. The district court explained that it imposed these restrictions "[d]ue to Mr. Goodpasture's conviction for Aggravated Criminal Sexual Abuse, his previous designation as a sexually dangerous person, his lack of sex offender treatment, [and] his most recent sex offender evaluation and subsequent

recommendations." When Goodpasture objected that his previous convictions did not involve the internet, the court responded that they "occurred at such time when access to the internet and internet-based sexual offenses were not prominent as they are today."

We agree with Goodpasture that the district court's findings do not support the imposition of these restrictions. Computer-monitoring conditions are usually tied to computer-facilitated offenses. *United States v. Baker*, 755 F.3d 515, 525 (7th Cir. 2014); *see also United States v. Morgan*, 987 F.3d 627, 635 (7th Cir. 2021). But, as Goodpasture points out, he did not use a computer or social media to effectuate any of his prior offenses. Indeed, there is no evidence that he has ever used a computer or the internet, much less for an illicit purpose such as soliciting minors or viewing child pornography. The presentence investigation report suggests his older convictions involved victims to whom he had in-person access (at least one was a household member), and the conduct in 2007 did not entail computer use. The court's explanation—essentially, that he *might* have used a computer *if* internet usage had been more prevalent at the time of his offenses—is merely speculative. The imposition of this condition, at least on the present record, is not reasonably related to the underlying conviction or his history and characteristics. *See* 18 U.S.C. § 3553(a)(1).

Computer-related restrictions should also be "defined to some degree of precision." *Kappes*, 782 F.3d at 858 (quoting *United States v. Cary*, 775 F.3d 919, 927 (7th Cir. 2015)). Yet the district court imposed a blanket restriction against all social-media use, including legal activity for which Goodpasture may have a First Amendment right. *See Packingham v. North Carolina*, 137 S. Ct. 1730 (2017) (holding that statute making it a felony for sex offenders to access all social media violated First Amendment). And it did not explain why the monitoring should extend beyond his personal devices into the workplace. *Cf, e.g., Kappes*, 782 F.3d at 856 (affirming computer-monitoring requirement after court added exception for computers that defendant needed to access for employment).

The district court's justification for these broad restrictions is not clear from the record. The government insists that "judges generally impose computer search requirements on sex offenders," but that status alone does not justify computer monitoring in all cases. *Baker*, 755 F.3d at 525–26 (concluding that failure to register as sex offender is not a computer-facilitated offense justifying monitoring condition). The district court needed to tie the restrictions to Goodpasture's individual characteristics. Apart from referencing Goodpasture's sex offender status, however, the court only

referenced in passing his failure to attend sex-offender treatment and subsequent recommendations from a "recent sex offender evaluation." But the court did not elaborate on how Goodpasture's admission to missing a single treatment session makes him likely to use a computer to reoffend. And the recent evaluation and recommendations to which the court referred are not apparent from the record. No evaluation was submitted at sentencing, and neither party has identified a report anywhere in the record that the court could have been referring to.

The government argues that we should nonetheless uphold the restrictions because Goodpasture previously agreed to the same conditions. But Goodpasture agreed to a modification of his (then prospective) conditions only as part of his effort to obtain release from civil commitment. He then (unsuccessfully) endured those conditions when his original prison sentence in this case ended. He was not precluded from objecting when he came before the court for a new sentence in the revocation proceedings, although the district court could consider his prior stipulation in imposing new conditions and give it the weight the court determined was appropriate. No matter what was appropriate in the past, the court had to justify the conditions it imposed. *See United States v. Manyfield*, 961 F.3d 993, 996 (7th Cir. 2020).

Do not overread our limited conclusion. We are not saying that there is no factual basis for the imposition of a supervised-release condition limiting Goodpasture's computer or internet use. Our more limited conclusion is that the present record does not support the district court's imposition of the condition.

As we discuss below, the district court adequately justified its conclusion that Goodpasture poses a risk to the community, and it had broad discretion to fashion conditions of supervision that it believed would mitigate that risk. Computer restrictions—perhaps even broad restrictions—may be appropriate here. If the district court chooses to impose particular restrictions, however, it must tailor them to Goodpasture's personal history and circumstances and explain why they are necessary to achieve the goals of deterrence, incapacitation, and rehabilitation. *See* 18 U.S.C. § 3583(d)(1); *Kappes*, 782 F.3d at 845. Put most simply, Goodpasture's sex-offender status cannot serve as a categorical justification for blanket computer-related restrictions.

**B**

Regarding Goodpasture's challenges to the remaining conditions, the district court acted within its discretion. Goodpasture first challenges the decision to place him under location monitoring and confine him to his residence, except for certain pre-

approved activities. He argues that his prior location-monitoring violations involved obligations at work or difficulties getting to and from the workplace, his sex offenses are decades old, and his sexually-dangerous-person designation was vacated.

But as the district court pointed out, Goodpasture admitted to violating his location-monitoring requirements five times; his employment-related excuses do not change his confessed failure to comply with requirements such as alerting his probation officer to his whereabouts. And even if Goodpasture is not "sexually dangerous" for purposes of the civil-commitment statute, the district court could still consider his sex offenses and personal background. *See* § 3553(a)(1). As the district court noted, two of three experts in his recent civil-commitment proceedings testified that Goodpasture was dangerous. Further, although the allegations against Goodpasture for soliciting and assaulting teenage boys in 2007 did not result in federal charges, the conduct was included in the presentence investigation report that the court reviewed before imposing this condition. Based on this evidence that Goodpasture continued to reoffend until his most recent incarceration, and that at least some experts thought he would reoffend in the future, the court reasonably concluded that monitoring is required to deter further offenses.

Goodpasture next challenges the condition requiring him to participate in one year of remote alcohol testing and treatment for alcohol abuse. The district court based this provision on his history of substance abuse—including two convictions for driving under the influence—and his illicit consumption of alcohol during his last term of supervision. Goodpasture insists that he is free from substance-abuse problems. But we have upheld similar testing requirements for defendants who were not actively struggling with substance abuse, so long as their backgrounds suggested a risk for such abuse. *See, e.g., United States v. Speed*, 811 F.3d 854, 860 (7th Cir. 2016) (defendant who quit drinking but had prior conviction for driving under the influence); *United States v. Paul*, 542 F.3d 596, 600 (7th Cir. 2008) (defendant with no history of drug use but a history with alcohol that suggested a risk for drug abuse). Given Goodpasture's background and previous failure to abstain from alcohol as required, the court did not abuse its discretion by imposing this condition.

We are likewise unpersuaded by Goodpasture's objection to the special condition allowing a probation officer to conduct warrantless searches of his property "upon reasonable suspicion of contraband or evidence of a violation of a condition of release." Again, the court imposed this condition because of Goodpasture's prior controlled-substance convictions and alcohol consumption during supervision. Goodpasture

repeats his arguments about the staleness of his substance-abuse convictions. But his recent violation for alcohol use alone justified the condition. *See United States v. Neal*, 810 F.3d 512, 521 (7th Cir. 2016). Further, Congress explicitly authorized this condition for felons, like Goodpasture, who are required to register under the Sex Offender Registration and Notification Act. 18 U.S.C. § 3583(d).

Last, Goodpasture challenges the requirement to notify third parties of "risks that may be occasioned by [his] criminal record or history of criminal conduct, whether or not resulting in criminal charges." The district court adequately explained, however, that this requirement was necessary to deter future criminal conduct in light of his sex-abuse convictions and past failure to comply with the Illinois sex-offender registry. As with the location-monitoring requirements, the court imposed this condition after considering Goodpasture's entire background, including the civil-commitment proceedings and the conduct described in his presentence report. And, to the extent that this condition is redundant with the condition that prohibits him from contact with minors, as Goodpasture argues, any redundancy is harmless. *Kappes*, 782 F.3d at 854.

We note that we have repeatedly directed courts to specify the identities or categories of persons and the types of risks to which third-party-notification conditions apply. *See United States v. Canfield*, 893 F.3d 491, 495 (7th Cir. 2018); *United States v. Bickart*, 825 F.3d 832, 841 (7th Cir. 2016). The district court cited Goodpasture's sex offenses to justify this condition to, but the written condition is not limited to risks of sexual abuse. We do not understand Goodpasture to have raised an argument that the condition is unconstitutionally vague, so we need not decide the issue. To the extent that this condition can be better tailored, Goodpasture may seek modification. 18 U.S.C. § 3583(e)(2); *United States v. Hunt*, 930 F.3d 921, 925 (7th Cir. 2019).

### III

One final note. The government asks that any remand allow for plenary resentencing, so that the district court can increase the prison term to balance any easing of the conditions of supervision. This is appropriate when we can discern some interplay between vacated supervised-release conditions and the rest of the sentence. *See, e.g., Kappes*, 782 F.3d at 866–67. But the sentencing transcripts give us no reason to believe that the strict computer-monitoring and social media restrictions that we vacate offset what would have otherwise been a longer prison sentence. After settling on 12 months' confinement and two years' supervision, the district court held a separate hearing two weeks later on the conditions of supervision. The court did not encourage re-argument about the length of confinement or supervision or suggest that it would

revisit the terms if it sustained any of Goodpasture's objections. Because these components of the sentence were discrete, we conclude that a limited remand on only the computer-use restrictions is appropriate. *See Manyfield*, 961 F.3d at 997.

**IV**

For these reasons, we VACATE the restrictions related to computer and internet use, AFFIRM the rest of the sentence, and REMAND for further proceedings consistent with this order.