In the

# United States Court of Appeals

## For the Seventh Circuit

No. 23-2472

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT SMITH,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:20-cr-30114 — **Staci M. Yandle**, *Judge.*

SUBMITTED MAY 16, 2024 — DECIDED JULY 11, 2024

Before EASTERBROOK, RIPPLE, and JACKSON-AKIWUMI,
*Circuit Judges.*

RIPPLE, *Circuit Judge.* Robert Smith pleaded guilty to one
count of conspiracy to distribute methamphetamine and to
one count of money laundering conspiracy. Almost eleven
months later, on the day before his scheduled sentencing
hearing, the attorney retained by Mr. Smith filed a motion to
withdraw at Mr. Smith's request. At a hearing on this motion,
Mr. Smith explained his dissatisfaction with his attorney's

representation and requested substitute counsel. The court denied the motion to withdraw and declined to appoint substitute counsel. Mr. Smith eventually received a below-guidelines sentence of 324 months' imprisonment. He now appeals both the district court's denial of his request for substitute counsel and the substantive reasonableness of his sentence.

The district court did not abuse its discretion in denying the motion of counsel to withdraw. Mr. Smith's sentence is not unreasonable. We affirm the judgment of the district court.

# I

## BACKGROUND

According to the Presentence Investigation Report ("PSR"), Mr. Smith shipped substantial quantities of methamphetamine from his residence in California to William Moore in East St. Louis, Illinois. Moore and his co-conspirators distributed this contraband in and around East St. Louis. During an investigation into this drug trafficking operation, law enforcement orchestrated controlled buys from Moore and his co-conspirators and intercepted packages mailed from California containing methamphetamine. In September 2019, law enforcement arrested Moore and executed a search on his home that uncovered over 900 grams of methamphetamine. Moore subsequently told authorities that Mr. Smith had supplied him with between 100 and 150 pounds of methamphetamine in the months before his arrest.

In addition to supplying methamphetamine, Mr. Smith also worked with Moore and others to conceal their earnings from the authorities. Moore would fly to Las Vegas with drug proceeds in cash that Mr. Smith and Moore would then drive

to Los Angeles. Mr. Smith also arranged for over $150,000 in cash deposits to be made into a bank account opened under his girlfriend's name but to which his name had been added. After Moore's arrest, law enforcement recorded Mr. Smith instructing another individual to pay for drug shipments by sending money orders, and later cashier's checks, to a car dealership in California from which he had financed two vehicles.

In August 2020, a federal grand jury sitting in the Southern District of Illinois indicted Mr. Smith for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and for money laundering conspiracy, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). Mr. Smith subsequently retained Attorney Winston McKesson to represent him. In August 2022, he pleaded guilty to both counts without a written plea agreement. The PSR, filed in December 2022, calculated a guidelines range of 360 months to life based on a total offense level of 37 and a criminal history category of VI. Any objections to the PSR were due within fourteen days. No objections were filed during that period.

The district court initially scheduled Mr. Smith's sentencing for January 2023. Over the next several months, the court granted several motions filed by Mr. Smith to continue sentencing. In granting the third continuance, the court set sentencing for June 29, 2023, and advised Mr. Smith "that additional continuances will not be granted absent extraordinary circumstances."[1] On June 22, 2023, Mr. Smith filed a fifth motion to continue sentencing that the court denied. Mr. Smith then filed a motion, construed by the court as Mr. Smith's

---

[1] R.259.

sixth motion to continue sentencing, accompanied by Attorney McKesson's declaration that both he and Mr. Smith had failed to make the necessary travel arrangements to attend the June 29 sentencing. Admonishing Mr. Smith that "these delays end now," the court granted another continuance and set the sentencing hearing for July 12, 2023.[2] With this date now set, Mr. Smith filed a sentencing memorandum requesting a probation sentence with no time served. In this memorandum, Mr. Smith insisted that his "relatively minor role" in the conspiracy had been "vastly overstated" in the PSR.[3]

On the day before sentencing, July 11, 2023, Attorney McKesson filed, at the request of Mr. Smith, a motion for leave to withdraw. In this motion, McKesson stated that Mr. Smith had requested he resign from the case and that the two had disagreements over strategy. The district court continued sentencing and, instead, conducted a hearing the next day on McKesson's motion. Mr. Smith and Attorney McKesson both appeared at this hearing. Mr. Smith requested that the court appoint substitute counsel and spoke at length about his concerns that McKesson had paid insufficient attention to his case. Mr. Smith told the court that his concerns dated at least as far back as McKesson's advice to enter a guilty plea. According to Mr. Smith, McKesson knew little about his case at that time and advised him that if he pleaded guilty without a plea agreement, the Government would negotiate a plea agreement later. Mr. Smith stated that his concerns continued to grow throughout the sentencing process. He told the court that Attorney McKesson had failed to provide him with a copy of the PSR until months after the due

---

[2] R.263.

[3] R.264 at 3.

date for objections. He further stated that when he pointed out factual errors in the PSR, Attorney McKesson failed to raise them. Finally, Mr. Smith asserted that McKesson was unprepared for the sentencing hearing. When the court asked about the state of his communication with Attorney McKesson, he replied that he had and continued to communicate with McKesson both over the phone and in person but insisted that, in these interactions, McKesson demonstrated his lack of knowledge about the case.

The court then provided Attorney McKesson with an opportunity to address Mr. Smith's complaints about his performance. McKesson insisted that he had not neglected the case. He explained to the court that his sentencing strategy had been focused on positioning Mr. Smith to take advantage of the safety-valve provision to escape a statutory minimum sentence. To accomplish this goal, McKesson had filed several motions in state court to reduce or expunge Mr. Smith's past convictions. He presented his decision not to raise Mr. Smith's proposed objections to the PSR as also motivated by strategic concerns. Many of Mr. Smith's proposed objections concerned the past convictions that McKesson was addressing in the state courts; the other objections, contesting the nature of his role in the conspiracy, were, in McKesson's view, more appropriately addressed in the sentencing memorandum. McKesson told the court that he continued to communicate with Mr. Smith, and that he believed Mr. Smith's complaints revolved around their differences in strategy.

The court denied Attorney McKesson's motion to withdraw. It ruled that the motion was untimely and further found that although Mr. Smith and McKesson disagreed about defense strategy, there was no breakdown in

communication between the two. The court advised Mr. Smith that if he retained new counsel in the five days remaining before his sentencing, now set for July 17, 2023, the new counsel could appear on his behalf. The court, however, would not further delay Mr. Smith's sentencing or appoint him substitute counsel.

The district court later elaborated on its rationale in a written order. "Given the history of delays in this case at the request of Smith and McKesson, and based on the inquiry conducted by the Court during the hearing, the eleventh-hour motion to withdraw (filed at Smith's request) appears to be tactical – an effort to further delay Smith's sentencing."[4] Without a breakdown in communication, the court concluded, Mr. Smith and Attorney McKesson's disagreements about litigation strategy did not warrant appointment of new counsel at the advanced stage of the proceedings.

Mr. Smith was unsuccessful at retaining new counsel. Attorney McKesson represented him at sentencing. At the beginning of the hearing, the court confirmed its receipt and review of a pro se communication submitted by Mr. Smith that asked the court to reconsider its ruling and elaborated further on Mr. Smith's concerns about Attorney McKesson. In this letter, Mr. Smith stated that he had pleaded guilty in reliance on McKesson's promise to expunge his criminal record. He further stated that McKesson had failed to review a wallet drive of information that the Government had provided Mr. Smith. The district court determined that Mr. Smith's additional allegations did not alter the court's conclusion that the motion to withdraw should be denied.

---

[4] R.269 at 2.

With respect to the sentence, Attorney McKesson objected on Mr. Smith's behalf to several paragraphs in the PSR relating to Mr. Smith's offense conduct and to the weight of the drugs involved in his offense. The court overruled these objections as untimely and on the ground that the information in the PSR was supported by reliable evidence.

The court adopted the PSR's guidelines range calculation of 360 months to life. Attorney McKesson argued for a below-guidelines sentence, noting that Mr. Smith had not played a planning role in the conspiracy and that his criminal history was overstated by the guidelines calculation. In his allocution, Mr. Smith asserted that the Government had exaggerated his role in the conspiracy and that McKesson's poor representation had deprived him of a "fair fight" at sentencing.[5]

In weighing the 18 U.S.C. § 3553(a) factors, the court emphasized the seriousness of Mr. Smith's offense in supplying 100 pounds of methamphetamine for distribution into the community, while also noting that the seriousness of Mr. Smith's prior criminal history was overstated by the Guidelines. The court then imposed a below-guidelines sentence of 324 months' imprisonment.

Mr. Smith filed this appeal.

## II

### DISCUSSION

Mr. Smith contends that the district court erred in denying his request for substitute counsel and, in doing so, violated his Sixth Amendment right to counsel of his choice. He also

---

[5] Sent. Tr. at 39.

contends that his sentence was substantively unreasonable. He states that neither of these arguments implicate a claim that his prior counsel was ineffective under the rule enunciated by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Hise*, 65 F.4th 905, 909 (7th Cir. 2023) ("We have repeatedly emphasized that raising a claim of ineffective assistance of counsel on direct appeal is almost always imprudent.").

**A.**

We first address Mr. Smith's claim that the district court should have granted his motion to substitute counsel. We review the district court's denial for abuse of discretion. *United States v. Jones*, 844 F.3d 636, 642 (7th Cir. 2016). In undertaking this review, "[w]e consider such factors as the timeliness of the defendant's motion, the adequacy of the district court's inquiry into the motion, and whether the conflict resulted in a total lack of communication preventing an adequate defense." *Id.* Here, each of these factors supports the decision of the district court. The district court therefore did not abuse its discretion in denying Mr. Smith's request for substitute counsel.

Mr. Smith's request was untimely. *See United States v. Hall*, 35 F.3d 310, 313 (7th Cir. 1994) (request for substitute counsel received ten days before sentencing hearing was untimely). Mr. Smith previously had obtained a good number of extensions of time with respect to his sentencing hearing and filed this motion on the day before his sentencing hearing and more than ten months after his guilty plea.

The district court's inquiry into Mr. Smith's concerns was certainly sufficient. The court afforded Mr. Smith the

opportunity to speak at length about his concerns, listened to these concerns, and asked questions of both Mr. Smith and McKesson to better understand the state of their relationship. In doing so, it "elicited from [Mr. Smith] all the major reasons he sought new counsel." *United States v. Harris*, 394 F.3d 543, 553 (7th Cir. 2005); *see also United States v. Bjorkman*, 270 F.3d 482, 501 (7th Cir. 2001).

The hearing revealed a firm basis for the district court's conclusion that Mr. Smith's relationship with Attorney McKesson had not deteriorated to the point where a total lack of communication prevented an adequate defense. *See United States v. Volpentesta*, 727 F.3d 666, 673 (7th Cir. 2013) ("While it is apparent from the record that [the defendant] and his attorneys frequently butted heads, there is scant evidence that the gulf of communication so widened as to constitute a total breakdown."). After listening to both Mr. Smith and McKesson, the court concluded that Mr. Smith's concerns revolved around disagreements in defense strategy. Disagreements over defense strategy alone are not enough to compel substitution of counsel. *See id.* at 673–74. Given the nature of the dispute between Mr. Smith and his attorney, the court did not err in concluding that McKesson could accomplish adequately his remaining responsibilities.

## B.

Mr. Smith's challenge to the substantive reasonableness of his sentence is without merit. "We presume that a within-Guidelines sentence is reasonable, and the same presumption obviously extends to a below-Guidelines sentence like the one imposed here." *United States v. Moore*, 851 F.3d 666, 674 (7th Cir. 2017) (citations omitted). Mr. Smith fails to rebut this presumption. The court provided an adequate explanation

for the sentence that reflects a consideration of the factors listed in § 3553(a).[6]

## Conclusion

The judgment of the district court is affirmed.

AFFIRMED

---

[6] Rather than develop an argument that the court failed to adequately consider these factors, Mr. Smith asserts that we must consider the adequacy of McKesson's representation in weighing the reasonableness of Mr. Smith's sentence. But Mr. Smith has stated that he defers his ineffective assistance of counsel claim for collateral review. If Mr. Smith intends to argue that his attorney's failures at sentencing prejudiced him by resulting in a longer sentence, he has reserved that claim for collateral review and must raise it then.